1  Christopher W. Sweeney (SBN 143217)
   LAW OFFICES OF CHRISTOPHER W. SWEENEY
2  1500 Oliver Road, Suite K, PMB 321
   Fairfield, CA  94534
3  Telephone: (707) 435-1244
   Facsimile:  (707) 435-1245
4  Email: cwslaw@comcast.net

5  Attorney for Defendants DAVID BURGESS
   KESTREL SIGNAL PROCESSING, INC. and
6  RANGE NETWORKS, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12  MASSIMILIANO MARTONE, an individual;  )   Case No. C-08-02379 CW (E-filing)
    MARTONE RADIO TECHNOLOGY, INC., a     )
13  Nevada Corporation,                   )   DEFENDANTS' NOTICE OF MOTION
                                          )   AND MOTION TO DISMISS
14              Plaintiffs,               )   PLAINTIFFS' COMMON LAW
                                          )   MISAPPROPRIATION OF TRADE
15       vs.                              )   SECRET, FRAUD AND DECEIT,
                                          )   BREACH OF THE COVENANT OF
16  DAVID BURGESS, an individual; KESTREL )   GOOD FAITH AND FAIR DEALING,
    SIGNAL PROCESSING, INC., a California )   VIOLATION OF UNFAIR
17  Corporation; and RANGE NETWORKS, INC  )   COMPETITION LAW, UNJUST
                                          )   ENRICHMENT AND INJUCTIVE
18              Defendants.               )   RELIEF CLAIMS; MEMORANDUM OF
                                          )   POINTS AND AUTHORITIES IN
19                                        )   SUPPORT THEREOF
                                          )
20                                        )   [F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 9(b)]
                                          )
21                                        )   Date: August 28, 2008
                                          )   Time: 2:00 p.m.
22                                        )   Courtroom: 2
    _____ )   Judge: Hon. Claudia Wilken
23

24       TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:

25       PLEASE TAKE NOTICE THAT, on August 28, 2008, at 2:00 p.m. or as soon thereafter as

26  the matter can be heard in Courtroom 2 of the above entitled court, located at 1301 Clay Street,

27  Oakland, California, 94612-5212, Honorable Claudia Wilken presiding, Defendants DAVID

28  BURGESS, KESTREL SIGNAL PROCESSING, INC. and RANGE NETWORKS, INC.

1

1   (collectively Defendant") will move for an order pursuant to Federal Rule of Civil Procedure

2   Section 12 (b) (6) ("Rule 12 (b) (6)") and applicable case law dismissing Plaintiffs

3   MASSIMILIANO MARTONE's and MARTONE RADIO TECHNOLOGY, INC.,'s (collectively

4   "Plaintiff") Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief of Plaintiffs'

5   Complaint.  Defendants will also move for an order dismissing Plaintiff's Fourth Claim for Relief

6   of its Complaint pursuant to Federal Rule of Civil Procedure Section 9(b) ("Rule 9 (b)").

7       This motion is made on the grounds that (1) Plaintiff's Third, Fourth, Sixth, Seventh, Eighth

8   and Tenth Claims for Relief of Plaintiffs' Complaint are preempted by California's enactment of the

9   Uniform Trade Secret Act ("CUTSA"), and thus fail to state any claim upon which relief can be

10  granted, and (2) Plaintiff's Fourth Claim for Relief further fails to meet Rule 9(b)'s heightened

11  pleading standards.

12      This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

13  and Authorities below, Plaintiff's Complaint, along with the other papers, records and pleadings on

14  file herein, all relevant matters judicially noticeable, and upon such other and further evidence and

15  argument as may be presented at the hearing on this motion.

16      Dated: July 7, 2008          LAW OFFICES OF
17                                   CHRISTOPHER W. SWEENEY

18
19                                   By:  ___/s/ Christopher W. Sweeney_____
                                         Christopher W. Sweeney
20                                       Attorney for Defendants DAVID BURGESS
                                         KESTREL SIGNAL PROCESSING, INC. and
21                                       RANGE NETWORKS, INC.

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff's Third Claim for Relief (Common Law: Misappropriation of Trade Secret), Sixth Claim for Relief (Breach of the Covenant of Good Faith and Fair Dealing), Seventh Claim for Relief (Violation of Unfair Competition Law), Eighth Claim for Relief (Unjust Enrichment) and Tenth Claim for Relief (Injunctive Relief) are all based upon identical allegations incorporated into each Claim.  These allegations pertain to the unauthorized acquisition, use and disclosure (defined as "misappropriation" under CUTSA) of Plaintiff's intellectual property and trade secrets.  Courts considering trade secret claims have consistently interpreted the provisions of CUTSA to mean that all other claims based upon misappropriation of trade secrets are preempted by CUTSA.  Plaintiff's Complaint fails to allege any wrongful conduct of Defendants in support of these Claims beyond alleged misappropriation of trade secrets.  Accordingly, since these Claims are based upon the identical nucleus of facts as Plaintiff's Second Claim for Relief (Violation of the California Uniform Trade Secrets Act [*Cal. Civ. Code section 3426 et seq.*], the claims are preempted by CUTSA and should be dismissed.

Plaintiff's Fourth Claim for Relief (Fraud and Deceit) is similarly deficient, insofar as it is based upon the Defendants' false promise to protect the trade secrets of Plaintiff.  Plaintiff's Fourth Claim for Relief is further deficient in that it fails to allege sufficiently specific allegation to meet the heightened pleading requirements of Rule 9 (b).  Accordingly, Plaintiff's Fourth Claim for Relief, to the extent premised upon the alleged disclosure of trade secrets is preempted by CUTSA.  Plaintiff's Fourth Claim for Relief further alleges false promises in connection with the billing for services provided by Defendant David Burgess, but fails to allege specific facts supporting the fraud charge.  Accordingly, Plaintiff's Fourth Claim for Relief fails to satisfy the pleading requirements of Rule 9 (b) and should be dismissed.

//

//

//

**II.      STATEMENT OF ISSUES TO BE DECIDED (Civil L.R. 7-4(a)(3))**

1.      Whether Plaintiff's Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief of Plaintiffs' Complaint are preempted by California's enactment of the Uniform Trade Secret Act ("CUTSA"), and thus fail to state any claim upon which relief can be granted;

2.      Whether Plaintiff's Fourth Claim for Relief fails to meet Rule 9(b)'s heightened pleading standards.

**III.     FACTUAL AND PROCEDURAL BACKGROUND.**

This case stems from a dispute between Plaintiff and Defendant, David Burgess, a signal processing and software research and development consultant retained by Plaintiff in 2004.  On May 8, 2008, Plaintiff filed the instant action against Defendants in the United States District Court for the Northern District of California, Oakland Division, as Case No. C-08-02379 CW (E-filing), alleging ten separate claims for relief: (1) Violation of the Computer Fraud and Abuse Act (*18 U.S.C. section 1030 et seq.*); (2) Violation of  the California Uniform Trade Secrets Act (*Cal. Civ. Code section 3426 et seq.*); (3) Common Law: Misappropriation of Trade Secret; (4) Fraud and Deceit; (5) Breach of Contract; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Violation of Unfair Competition Law (Cal. Bus. & Prof. Code section 17200 et seq.); (8) Unjust Enrichment; (9) Declaratory Relief; and (10) Injunctive Relief, Eighth Claim for Relief (Unjust Enrichment) and Tenth Claim for Relief (Injunctive Relief).

The factual allegations in support of these Claims, including, the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief alleged in the Complaint are found in paragraphs 36 through 92 of Plaintiff's Complaint.  These allegations recount alleged, unauthorized acquisition, use and disclosure of Plaintiff's intellectual property and trade secrets by Defendants, including the following: (1) photographing commercially sensitive areas of Plaintiff's laboratory (Complaint, paragraphs 39 through 41; ["Compl., ¶¶ 39-41"]; (2) reviewing commercially sensitive documents (Compl., ¶ 42); (3) questioning employees about Plaintiff's technology unrelated to Defendant Burgess' work (Compl., ¶¶ 43-45); (4) discussing Plaintiff's technology with competitors (Compl., ¶¶ 46-48); (5) forming a competing business venture to "raid" Plaintiff's employees (Compl., ¶¶ 49-55); (6) the threatened use of Plaintiff's hardware and software in Defendant's competing business

venture (Compl., ¶¶ 58-61); (7) the disclosure to third parties of sensitive, unclassified information of Plaintiff (Compl., ¶¶ 62-63); (8) the taking of trade secrets and intellectual property of Plaintiff from Plaintiff, including software and algorithms of Plaintiff (Compl., ¶¶ 64-69); (9) the unauthorized downloading of source code and computer files and software of Plaintiff (Compl., ¶¶ 70-72); (10) the unauthorized transmission of intellectual property of Plaintiff to third parties (Compl., ¶¶ 73-78); (11) the unauthorized transmission of intellectual property of Plaintiff to other consultants and associated, fraudulent billing practices (Compl., ¶¶ 79-83); the unauthorized photographing of Plaintiff's equipment (Compl., ¶¶ 84-88); and (12) the actual use of Plaintiff's intellectual property, including software and hardware, in connection with Defendants' competing business venture (Compl., ¶¶ 89-92). All of these allegations are expressly incorporated into, and form an identical nucleus of facts upon which each of the Claims for Relief asserted in Plaintiff's Complaint are based, including the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief which are the subject of this motion, as well as the Second Claim for Relief – Plaintiff's CUTSA claim.

## IV.    ARGUMENT.

### A.    APPLICABLE LEGAL STANDARDS.

A Rule 12 (b) (6) motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of the complaint. Dismissal pursuant to Rule 12(b) (6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1974 (2007). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor. Everest & Jennings, Inc. v. Am. Motorists, Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). While the court must accept well pleaded facts as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchey v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Dismissal under Rule 12 (b) (6) is appropriate

where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept</u>., 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal is also appropriate where the allegations in a pleading disclose an absolute defense or bar to recovery.  <u>Kentucky Central Life Insurance Co. v. Leduc</u>, 814 F.Supp. 832, 840 (N.D.Cal. 1992).

Additionally, the court should grant a motion to dismiss s claims for fraud under Rule 9 (b) where the allegations underlying those claims fail to meet Rule 9 (b)'s heightened pleading requirements.  In all averments of fraud, the circumstances constituting the fraud must be stated "with particularity."  Fed R. Civ. P. 9(b), <u>Desaigoudar v. Meyercord</u>, 223 F.3d 1020, 1022-1023 (9th Cir. 2000).  Allegations that are vague and conclusory are insufficient to satisfy the particularity required by Rule 9 (b).  <u>Moore v. Kayport Package Express, Inc</u>. 885 F.2d 531, 540 (9th Cir. 1989).  To satisfy Rule 9 (b), "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  <u>Bly-Magee v. Cal</u>., 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations omitted).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997)).  The Ninth Circuit mandates that allegations of fraud specifically include "an account of the time, place, and the specific content of the false representations as well as the identities of the parties to the misrepresentations."  <u>Swartz v. KPMG LLP</u>,  476 F.3d 756, 764 (9th Cir. 2007) (citing <u>Edwards v. Marin Park, Inc</u>., 356 F.3d, 1058, 1066 (9th Cir. 2004).

//

//

**B.    PLAINTIFF'S THIRD, FOURTH, SIXTH, SEVENTH, EIGHTH AND TENTH CLAIMS FOR RELIEF OF THE COMPLAINT ARE PREEMPTED BY CALIFORNIA'S ENACTMENT OF THE UNIFORM TRADE SECRET ACT ("CUTSA") AND THUS FAIL TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The central allegations of the Complaint allege the unauthorized acquisition, use and disclosure of Plaintiff's intellectual property and trade secrets by Defendants.  All of these allegations are expressly incorporated into, and form an identical nucleus of facts upon which each of the Claims for Relief asserted in Plaintiff's Complaint are based, including the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief which are the subject of this motion.  These are the identical allegations upon which Plaintiff's Second Claim for Relief – Plaintiff's CUTSA claim - are based.  California Civil Code section 3426.7 identifies three categories of cases – those based upon breach of contract, criminal remedies, and anything <u>not</u> based on misappropriation of trade secrets – that are not preempted by CUTSA.  Courts have interpreted this to mean that all other claims which are based upon "misappropriation of trade secrets", as defined by CUTSA, are preempted by CUTSA.  <u>Digital Envoy, Inc. v. Google, Inc</u>., 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005) [common law and statutory unfair competition and unjust enrichment claims preempted by CUTSA when based on same nucleus of facts as trade secret misappropriation claim]; <u>Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc</u>., 318 F.Supp.2d 216, 219-220 (D.Del. 2004) [holding, under California law, that CUTSA preempts common law claims based on misappropriation of trade secrets]; <u>AccuImage Diagnostics Corp. v Terarecon, Inc</u>., 260 F.Supp.2d 941, 953-54 (N.D. Cal. 2003) [common law trade secret misappropriation claim preempted by CUTSA]; <u>Convolve, Inc. v. Compaq Computer Corp.</u>, 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848, at \*24-26 (S.D.N.Y. Mar. 29, 2006) (applying California law) [CUTSA preempts claims for tortious interference with contract and prospective business advantage].

Civil Code section 3426.1(b) provides, in pertinent part, that "[m]isappropriation" means:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

"(1) [a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) [d]isclosure or use of a trade secret of another without express or implied consent . . . " (underlining added).  The factual allegations supporting the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief, found in paragraphs 36 through 92 of Plaintiff's Complaint, recount alleged, unauthorized acquisition, use and disclosure of Plaintiff's intellectual property and trade secrets by Defendants, including the following: (1) photographing commercially sensitive areas of Plaintiff's laboratory (Complaint, paragraphs 39 through 41; ["Compl., ¶¶ 39-41"]; (2) reviewing commercially sensitive documents (Compl., ¶ 42); (3) questioning employees about Plaintiff's technology unrelated to Defendant Burgess' work (Compl., ¶¶ 43-45); (4) discussing Plaintiff's technology with competitors (Compl., ¶¶ 46-48); (5) forming a competing business venture to "raid" Plaintiff's employees (Compl., ¶¶ 49-55); (6) the threatened use of Plaintiff's hardware and software in Defendant's competing business venture (Compl., ¶¶ 58-61); (7) the disclosure to third parties of sensitive, unclassified information of Plaintiff (Compl., ¶¶ 62-63); (8) the taking of trade secrets and intellectual property of Plaintiff from Plaintiff, including software and algorithms of Plaintiff (Compl., ¶¶ 64-69); (9) the unauthorized downloading of source code and computer files and software of Plaintiff (Compl., ¶¶ 70-72); (10) the unauthorized transmission of intellectual property of Plaintiff to third parties (Compl., ¶¶ 73-78); (11) the unauthorized transmission of intellectual property of Plaintiff to other consultants and associated, fraudulent billing practices (Compl., ¶¶ 79-83); the unauthorized photographing of Plaintiff's equipment (Compl., ¶¶ 84-88); and (12) the actual use of Plaintiff's intellectual property, including software and hardware, in connection with Defendants' competing business venture (Compl., ¶¶ 89-92).

These allegations clearly constitute "misappropriation of trade secrets" within the meaning of CUTSA and are alleged as such by Plaintiff in its Second Claim for Relief (CUTSA Violation).

(Compl., ¶¶ 99-109).  All of these allegations are expressly incorporated into, and form an identical nucleus of facts upon which each of the Claims for Relief asserted in Plaintiff's Complaint are based, including the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief which are the subject of this motion. Since these identical allegations for the basis for Plaintiff's CUTSA claim, Plaintiffs Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief are preempted by CUTSA under the clear weight of the authorities cited herein.

    With regard to plaintiff's Sixth Claim for Relief (Breach of the Covenant of Good Faith and Fair Dealing), to the extent this claim is predicated upon an alleged tortious breach of the covenant, the claim is preempted by CUTSA under the authorities above cited.  See Convolve, Inc. v. Compaq Computer Corp., 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848, at *24-26 (S.D.N.Y. Mar. 29, 2006) (applying California law).  To the extent the claim is based upon a breach of a contractual duty owed to Plaintiff, the Sixth Claim for Relief states no independent basis for relief distinct from Defendant's Fifth Claim for Relief (Breach of Contract).  For these reasons, the Sixth Claim for Relief should be dismissed.

C.    **PLAINTIFF'S FOURTH CLAIM FOR RELIEF FURTHER FAILS TO MEET RULE 9(B)'S HEIGHTENED PLEADING STANDARDS AND SHOULD BE DISMISSED.**

    Plaintiff's Fourth Claim for Relief (Fraud and Deceit) alleges as follows: "Burgess and Kestrel promised, represented and agreed to protect the trade secrets and intellectual property of Martone and MRT.  Burgess and Kestrel further promised, represented and agreed that they would bill plaintiffs only for the services provided by Burgess."  (Compl., ¶¶ 119).  The Fourth Claim for Relief further alleges that these promises were false and made with the intent to deceive plaintiffs. (Compl., ¶¶ 120-122).  For the reasons discussed above, to the extent this claim is based upon the Defendants' false promise to protect the trade secrets of Plaintiff, the Claim is preempted by CUTSA.

Moreover, Plaintiff's Fourth Claim for Relief further alleges false promises in connection with the billing for services provided by Defendant David Burgess, but fails to allege any specific facts supporting the alleged fraud.  For example, the Fourth Claim for Relief fails to specify the time, place and specific content of the alleged false representations, or the identities of the parties making or hearing such representations.  The only other allegation of the Complaint even addressing the alleged fraudulent billing is found in paragraph 83.  These allegations do not contain the specificity required by Rule 9(b) to support Plaintiff's fraud claim.  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 f.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  The Ninth Circuit mandates that allegations of fraud specifically include "an account of the time, place, and the specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356 F.3d, 1058, 1066 (9th Cir. 2004).  The above referenced allegations fail altogether to satisfy Rule 9(b) heightened pleading requirements, and thus Plaintiff's Fourth Claim for Relief should be dismissed.

//

//

//

//

//

//

V.    **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court grant

Defendant's motion to dismiss the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for

Relief of Plaintiff's Complaint.

Respectfully submitted,

Dated: July 7, 2008        LAW OFFICES OF
                           CHRISTOPHER W. SWEENEY

                           By:    /s/ Christopher W. Sweeney
                                  Christopher W. Sweeney
                                  Attorney for Defendants DAVID BURGESS,
                                  KESTREL SIGNAL PROCESSING, INC. and
                                  RANGE NETWORKS, INC.

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**



1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6              **NORTHERN DISTRICT OF CALIFORNIA**

7              **OAKLAND DIVISION**

8

9    MASSIMILIANO MARTONE, an individual;    )    **Case No. C-08-02379 CW (E-filing)**
     MARTONE RADIO TECHNOLOGY, INC., a        )
10   Nevada Corporation,                      )    **[PROPOSED] ORDER GRANTING**
                                              )    **DEFENDANTS' MOTION TO DISMISS**
11                     Plaintiffs,            )
                                              )
12           vs.                              )
                                              )
13   DAVID BURGESS, an individual; KESTREL    )
     SIGNAL PROCESSING, INC., a California    )
14   Corporation; and RANGE NETWORKS, INC     )
                                              )
15                     Defendants.            )
                                              )
16                                            )
                                              )
17                                            )
                                              )
18                                            )
                                              )
19                                            )

20   _____

21

22        The Motion of Defendants DAVID BURGESS, KESTREL SIGNAL PROCESSING, INC.

23   and RANGE NETWORKS, INC. (collectively Defendant") came on regularly for hearing on

     August 28, 2008, at 2:00 p.m. in Courtroom 2 of the above entitled Court, the Honorable Claudia
24
     Wilken presiding.
25
          The Court, having read and considered the motion, the opposition filed by Plaintiffs and
26
     Defendants' reply, and having heard the parties' respective oral arguments, and being fully advised,
27
     hereby finds and orders as follows:
28

1    Defendant's motion to dismiss the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims

2   for Relief of Plaintiffs' Complaint is GRANTED, and these claims are dismissed with prejudice.

3    IT IS SO ORDERED.

4    Dated: _____, 2008

5

6    _____
     HONORABLE CLAUDIA WILKEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28