Kevin D. Lally (SBN 095374)
Edward Romero (SBN 148495)
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, California 94583
Telephone: (925) 866-1000
Facsimile: (925) 830-8787
Email: Eromero@gpsllp.com

Mary McNamara (SBN 147131)
August Gugelmann (SBN 240544)
SWANSON, McNAMARA & HALLER LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010
Email: MMcnamara@SMHlegal.com

Attorneys for Plaintiffs
MASSIMILIANO MARTONE and
MARTONE RADIO TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSIMILIANO MARTONE, an individual; MARTONE RADIO TECHNOLOGY, INC., a Nevada Corporation,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DAVID BURGESS, an individual; KESTREL SIGNAL PROCESSING, INC., a California Corporation; RANGE NETWORKS, INC., a California Corporation; and DOES 1 through 50, inclusive<br><br>　　　　Defendants. | Case No. 08-2379 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT OF PLAINTIFFS MASSIMILIANO MARTONE AND MARTONE RADIO TECHNOLOGY, INC. AND DEFENDANTS DAVID BURGESS, KESTREL SIGNAL PROCESSING, INC. AND RANGE NETWORKS, INC.**<br><br>Date: August 28, 2008<br>Time: 2 p.m.<br>Courtroom: 2<br>[The Honorable Claudia Wilken] |

　　　　Plaintiffs Massimiliano Martone ("Martone") and Martone Radio Technology, Inc. ("MRT") and defendants David Burgess ("Burgess"), Kestrel Signal Processing, Inc. ("Kestrel") and Range Networks, Inc. ("Range") submit this Joint Case Management Statement as follows:

///

1. **Jurisdiction and Service:**

Jurisdiction over this action is conferred by 28 U.S.C. section 1331 and 18 U.S.C. section 1030(g), a provision of the Computer Fraud and Abuse Act, 18 U.S.C. section 1030 *et seq.* Subject matter jurisdiction is also conferred by 28 U.S.C. section 1367(a) ("Supplemental jurisdiction").

Defendants contend that Supplemental Jurisdiction also exists over any counterclaims that may be asserted by Defendants.

A motion to dismiss has been filed by Burgess, Kestrel and Range (collectively "Defendants"). The motion, however, does not challenge subject matter jurisdiction nor does it challenge personal jurisdiction or venue. All parties named in this action have been served and have appeared through the filing of a motion to dismiss which is described in detail in section 4 below.

2. **Facts:**

From approximately September 2004 until approximately October 2007, defendant David Burgess was a software consultant to Martone and later MRT. As a condition of his work, Burgess entered into a written agreement with Martone entitled Proprietary Information Agreement, dated September 28, 2004 (the "Proprietary Agreement"). Among other things, the Agreement obligates both parties to preserve and protect the trade secrets and intellectual property of the other.

Paragraph 2 of the Proprietary Agreement further provides that [i]nformation which falls under one of the following exceptions may be considered technical data for the purposes of the Export Control Laws, but shall not be considered to be Proprietary Information:

(b) information, which at the time of the such disclosure by the disclosing party, was in the public domain;

(d) information, which the receiving party can show, was in its possession at the time of the disclosure by the disclosing party; and

(f) information independently developed by the receiving party.

The Proprietary Agreement is attached to the complaint as Exhibit 1.

Defendants' assert that during his tenure as a software consultant, Burgess worked on aspects of various software developed by Martone and later MRT. One of the applications on which Burgess worked was software used in the development of, what plaintiffs allege is a portable base station transceiver ("BTS") for cellular communications. The complaint alleges that the BTS developed by MRT is a device that is used in situations requiring high performance and high precision in the processing of radio frequency and digital signals and the control of cellular networks.

Defendants assert that while Plaintiff's website advertises the application as a "commercial BTS", the system was in fact specifically designed for intelligence work; does not support normal telephone functions; has no facility for any kind of network interface; does not use carrier-grade packaging or components and would not meet ETSI or FCC certification requirements in its current form. By Defendant's estimate, converting the MRT application to a true carrier-grade BTS would take 30,000-40,000 hours of additional effort. Defendants assert that Plaintiff never expressed to Defendants any interest in the civilian cellular market.

Plaintiffs dispute defendants' assertions and note that Burgess and Kestrel were retained to perform work as consultants on specific projects. Martone and MRT further assert that they were not under a duty to advise defendants whether plaintiffs had any business or other interests in the civilian cellular market nor did plaintiffs have a duty to advise defendants of all of the functions or capabilities of the MRT-BTS.

In or about August 2005, Burgess formed defendant Kestrel through which he continued to provide consulting services to Plaintiffs until about October 2007.
Among other things, the complaint alleges that Burgess and Kestrel unlawfully accessed, with the intent to defraud, the computers of MRT and obtained, without authorization, the trade secrets and software of Martone and MRT. Plaintiffs further allege that Burgess formed

defendant Range in or about May 2007 and that Burgess, Kestrel and Range have used the trade secrets and other intellectual property of Plaintiffs in the technology devices which Range is developing. Plaintiffs further assert that, *inter alia*, Burgess and Kestrel:

(i) photographed commercially sensitive areas of MRT;

(ii) reviewed commercially sensitive documents in the office of Martone without authorization;

(iii) questioned MRT employees about the company's technology which was unrelated to his work;

(iv) discussed MRT's technology with competitors;

(v) used MRT technology in devices developed by Range;

(vi) admitted that use of software developed by MRT might be necessary for Range to develop its own BTS;

(vii) approached businesses and potential investors and discussed MRT technology;

(viii) downloaded the source code and the trade secrets of MRT without authorization;

(ix) transferred the intellectual property of MRT to non-MRT personnel Jon Metzler, Raffi Sevlian and others without authorization; and

(x) fraudulently billed Martone and MRT by employing consultants to perform work for MRT which Plaintiffs did not authorize.

The principal factual issues in dispute are as follows:

Defendants contend that no software produced for MRT, or any other information that is proprietary to MRT, was used in the KSP/Range project, or in any other project of Defendants. Accordingly, Defendants dispute all of the foregoing allegations of wrongdoing by Burgess and Kestrel. Defendants proffer that additional factual issues will be disputed in connection with any counterclaims filed by Defendants in this action.

3.   **Legal Issues:**

As set forth in detail below, Defendants have moved to dismiss six claims for relief based on their purported preemption by the California Uniform Trade Secrets Act, Cal. Civ. Code

section 3426 et seq. (the "California Trade Secrets Act")

Additionally, the parties anticipate that the principal legal issues in this case will be:

A. Whether Burgess and Kestrel violated the Computer Fraud and Abuse Act, 18 U.S.C. section 1030 et seq.;

B. Whether Burgess, Kestrel and Range violated the California Trade Secrets Act.

C. Whether Burgess, Kestrel and Range are liable for common law misappropriation of trade secrets in light of the legislative history of the California Uniform Trade Secrets Act.

D. Whether Burgess and Kestrel are liable for fraud and deceit;

E. Whether Burgess and Kestrel breached the Proprietary Agreement and the covenant of good faith and fair dealing arising from the Agreement;

F. Whether Burgess, Kestrel and Range are liable for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq. in light of the theories advanced by Defendants in their motion to dismiss;

G. Whether equitable relief in the form of a declaration and injunctions against defendants are warranted.

H. Whether defendants are liable for exemplary damages under the California Trade Secrets Act.

I. Whether Plaintiffs are liable under any counterclaims asserted by Defendants in this action.

4.  **Motions**:

Defendants have moved to dismiss all claims for relief arising under California law except for the Fifth Claim for Relief for breach of contract and Second Claim for Relief for violation of the California Trade Secret Acts. Defendants contend that dismissal of the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief for, respectively, Common Law Misappropriation, Fraud and deceit, Breach of the Covenant of Good Faith and Fair Dealing, Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq., Unjust Enrichment and Injunctive Relief is warranted because such claims are preempted by the California Trade Secrets Act. In so doing, Defendants rely on *Digital Envoy, Inc. v. Google,*

1 *Inc.*, 370 F.Supp.2d 1025 (N.D. Cal. 2005); *Callaway Golf Company v. Dunlop Slazenger Group Americas, Inc.*, 318 F.Supp.2d 216 (D. Del. 2004); and *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941 (N.D. Cal. 2003). Defendants further contend that the Fourth Claim for Relief fails to plead fraud with particularity and should be dismissed pursuant to Rule 9 of the Federal Rules of Civil Procedure.

The hearing on Defendants' motion to dismiss is scheduled for August 28 and Plaintiffs have until August 7 to serve and file their opposition. With respect to the question of preemption, Plaintiffs contend that aside from the claim for common law misappropriation, the legislative history of the California Trade Secrets Act, the intent of the model Uniform Trade Secrets Act upon which the California Trade Secrets Act is in part based and case law governing preemption fail to support Defendants' assertions. Plaintiffs further contend that the authorities relied upon by Defendants are unpersuasive because each failed to examine the legislative history of the California Trade Secrets Act, the intent of the model Uniform Trade Secrets Act and case law governing preemption. Plaintiffs further contend that the claim for fraud and deceit are pled with the required specificity.

Defendants contemplate filing a motion for summary judgment on plaintiff's Computer Fraud and Abuse Act claim, and on any surviving, related claims which are the subject of Defendants' pending motion to dismiss.

**5.    Amendment to Pleadings:**

Plaintiffs will seek leave to amend the complaint should the court grant, either in part or in whole, the pending motion to dismiss. Plaintiffs do not anticipate naming other defendants unless facts obtained through discovery warrant.

**6.    Evidence Preservation:**

Martone and MRT have preserved all of devices in their possession, custody and control used by Burgess while he served as a consultant to Plaintiffs. These devices are:

    A.  An IBM laptop issued by Plaintiffs to Burgess;

    B.  Cellular telephone used by Burgess in the development of the MRT-BTS.

    C.  An Apple mini computer used by Burgess while he served as a consultant to MRT.

Additionally, all of the parties have identified in their initial disclosures the software files and electronic messages ("emails") which they believe support their claims for relief or defenses.

**7. Disclosures:**

The parties have timely complied with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. The Rule 26 disclosures were exchanged on August 5, 2008 as required by the Case Management Order entered in this action on May 8, 2008.

The Rule 26 initial disclosures document served by Plaintiffs identifies the following categories:

1. <u>Witnesses</u>:

   Twelve individuals who are likely to have discoverable information in support of plaintiffs' claims and defenses.

2. <u>Non-Privileged Documents</u>:

   (a) <u>Hard copies</u>:

   Ten categories of documents that plaintiffs intend to use to support their claims and defenses.

   (b) <u>Electronic copies</u>:

   Nine bulletin posts and 580 e-mail messages that plaintiffs intend to use to support their claims and defenses.

3. <u>Proprietary Documents Producible under the Terms of a Protective Order</u>:

   Nine categories of extensive data on various CDs, hard drives and devices that plaintiffs anticipate will be produced in discovery subject to entry of an appropriate protective order

The Rule 26 disclosures also discuss plaintiffs' theories on the computation of damages in this case and the lack of insurance coverage.

The Rule 26 initial disclosures document served by Defendants identifies the following categories:

///

///

1. Witnesses:

Over forty individuals who are likely to have discoverable information in support of Defendant's claims and defenses.

2. Non-Privileged Documents:

(a) Hard copies:

Ten categories of documents that Defendants intend to use to support their claims and defenses, to be produced under the terms of a protective order.

(b) Electronic copies:

Over 4,500 e-mail messages (some with attachments) that Defendant's intend to use to support their claims and defenses, to be produced under the terms of a protective order.

3. Proprietary Documents Producible under the Terms of a Protective Order:

Four categories of extensive data on CDs, hard drives and devices.

The Rule 26 disclosures also discuss Defendant's theories on the computation of damages in this case and the lack of insurance coverage.

**8.   Discovery:**

This action was filed on May 8, 2008. Other than the exchange of the initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure, no discovery has been undertaken by the parties in this action. Instead, the parties have focused their efforts on trying to resolve this matter. Toward that end, the parties underwent a full day of mediation before the Honorable Edward Infante of JAMS on May 8, 2008. The mediation and subsequent attempts to resolve this action have been unsuccessful.

This action will involve highly technical data and will require the assistance of an expert skilled in digital radio frequency communication. It is expected that this individual will, *inter alia*, review and analyze the software developed in the MRT and Range BTS to determine if the trade secrets and intellectual property of plaintiffs have been used by defendants. This case will also involve a large number of documents and witnesses. As a result, the parties propose the discovery plan set forth in section 17 below.

**9.    Class Actions:**

This action is not a class action and has been brought on behalf of Martone and MRT.

**10.   Related Cases:**

In February 2008, Burgess filed an action against Martone and MRT captioned *David Burgess v. Massimiliano Martone and Martone Radio Technology, Inc.*, Contra Costa Superior Court Case No. C08-00356 (the "Related Action").

Defendants Burgess, Kestrel and Range assert that the Related Action arises from a dispute between David Burgess and Martone and Martone Radio Technology, Inc. ("MRT"). Defendants further assert that the Related Action is based on MRT's unsubstantiated accusations of misappropriation of intellectual property by Burgess. Defendants assert that they were engaged in forming a start-up company named Range Networks, Inc. ("Range"). The stated mission of Range was to produce "the world's most affordable carrier-grade telephone system" using a novel combination of GSM and VoIP technologies and recycled GSM handsets from Europe. The Range vision was to provide profitable cellular service to 2-3 billion rural poor who would otherwise never have access to telephones. This Range business plan ("the Range venture") was ambitious and would require support from the venture capital community and partnership with carriers in the developing world.

In the complaint filed in the Related Action, Burgess asserts that Martone and MRT have accused him of misappropriating unspecified intellectual property purportedly obtained by Defendants while working as a consultant for Martone and MRT. The complaint in the Related Action further alleges that Plaintiffs forwarded an email, including a letter attachment, to Burgess and other officers and professional associates of Burgess which contained patently false claims that Burgess had duplicated portions of MRT proprietary GSM software in the Range venture. This email, with the letter attachment, reflects that it was forwarded to business associates of Burgess, as well as to other unspecified third parties in plaintiff's industry, including the "MRT Board of Directors, MRT sub-contractors (and) MRT management."

Burgess further alleges that the letter contained numerous, additional false statements

about Burgess's intentions in his new business venture, and threatened further publication and delivery of another letter repeating the false claims "to all business entities potentially involved." Burgess contends that the November 6, 2007, email with the letter attachment was forwarded to Harvind Samra and Jon Metzler, professional associates of plaintiff, and reflects that it was sent to other unspecified third parties, including the "MRT Board of Directors, MRT sub-contractors (and) MRT management." Burgess further asserts that the November 6 letter contained numerous falsehoods and patently untrue statements about his intentions in his new business venture and threatened further publication and delivery of yet another letter "to all business entities potentially involved" repeating the false claims about plaintiff. Specifically, Burgess alleges that the letter falsely claimed that plaintiff had duplicated substantial portions of MRT proprietary GSM software code in plaintiff's planned business venture.

In or about July 14, 2008, the court in the Related Action sustained, in part, the demurrer of Martone and MRT to the breach of contract cause of action of the complaint with leave to amend, and overruled the demurrer to the first and second causes of action for interference with contractual relationship and prospective economic advantage. Burgess has not yet filed his amended complaint. As a result, neither Martone nor MRT have answered. To the extent an answer to the amended complaint is warranted, Martone and MRT expect to deny each material allegation and cause of action asserted against them in the Related Action. The current complaint asserts causes of action against Martone and MRT for intentional interference with contractual relationships; intentional interference with prospective economic advantage; libel; trade libel; declaratory relief; injunctive relief; and breach of contract.

Martone and MRT contend that discovery in the Related Action will show that the November 6, 2007 letter was sent only to admitted stakeholders of Range, not to anyone else, even though the letter suggests that it is addressed to others. Martone and MRT further contend that Burgess ignored an invitation to meet about the letter and its contents (thereby preventing his discovery of the fact that the letter had not been sent to a broader audience); that counsel have advised counsel for Burgess that the letter went no farther than Range and that no second letter was ever sent.

Greenan, Peffer, Sallander & Lally LLP

JOINT CASE MANAGEMENT STATEMENT OF PLAINTIFFS

10

Case No. 08-2379 CW

**11.   Relief:**

In this action, Martone and MRT seek both compensatory damages, unjust enrichment, and an injunction against each defendant enjoining their use of all trade secrets, software, source code, algorithms and other proprietary and/or intellectual property.  Plaintiffs further seek to enjoin defendants from disclosing their trade secrets, proprietary information and software, source code, algorithms and other proprietary and intellectual property to third parties.

Absent discovery, Plaintiffs are unable to determine the extent of the damages which they have incurred through Defendants' use of Plaintiffs' trade secrets and intellectual property. Plaintiffs anticipate that the damages against each defendant should be calculated in two ways. First, with respect to the damages incurred from the unlawful use of Plaintiffs' technology, the damages can be determined by the income received or likely to be received from Defendants from the sale of infringing devices.  Second, damages can be calculated from the income received, or likely to be received, from third parties who have used Plaintiffs' technology in devices marketed by them following the unlawful disclosure of Plaintiffs' trade secret information.

There may be additional bases for the calculation of damages and restitution based on information that is learned through discovery in this case.  Plaintiffs therefore reserve their right to supplement this case management statement and their initial disclosures in light of such information.  Plaintiffs further reserve their right to supplement this case management statement and their initial disclosures to the extent necessary to meet or rebut any disputes of material facts not presently known to Plaintiffs or which may result in the future.

In the Related Action (and potentially in this action by counterclaim), Defendant Burgess seeks injunctive relief against further publication of defamatory statements, and damages for the substantial harm to Burgess' business and economic interests as a result of MRT's alleged unlawful interference with Burgess' contractual relationships and prospective economic advantage as referenced in paragraph 10 above.  Burgess further contends in the Related Action that action that MRT's unsubstantiated allegations have crippled his planned business activities and, by extension, those of Burgess' partners, associates and employees as follows: by

precluding any meaningful start-up activities of Range, including approaching potential investors for critical venture capital and operating funds and recruiting employees or engaging professional services with promises of equity, as is a normal practice among start-up companies. As noted above, the time for Martone and MRT to answer the amended complaint has not expired but Martone and MRT expect to deny each and every material allegation in the amended pleading.

Burgess, Kestrel and Ranger assert that as discovery has not yet occurred and further harm is being suffered on an ongoing basis, they are unable to determine the extent of the damages which they have and will continue to incur as a result of the wrongful conduct alleged against Martone and MRT in the Related Action. Defendants anticipate that the damages will be calculated by the income lost to Defendants as a result of Plaintiff's alleged unlawful interference with Defendant's contractual relations and prospective economic advantage.

Defendants assert that there may be additional bases for the calculation of damages based on information that is learned through discovery in this case. Defendants therefore reserve their right to supplement this case management statement and their initial disclosures in light of such information. Defendants further reserve their right to supplement this case management statement and their initial disclosures to the extent necessary to meet or rebut any disputes of material facts not presently known to Defendants or which may result in the future.

**12.  Statement and ADR:**

Counsel for the parties believe that prospects for settlement will increase substantially after discovery has narrowed and defined the issues in this case. Toward this end, the parties remain open to continuing mediation following entry of a protective order, the exchange of initial disclosures and responses to inspection demands and interrogatories and the deposition of key witnesses. Plaintiffs currently expect the need to depose at least seven witnesses prior to further mediation. The witnesses that Plaintiffs will need to depose are:

1. David Burgess;
2. Harvind Samra;
3. Jon J. Metzler;

4. Glenn Edens;

5. Raffi Sevlian;

6. Jay Kruse; and

7. Srikrishna Devabhaktumi.

The witness that Defendants presently anticipate a need to depose are:

1. Plaintiff Max Martone,

2. Plaintiff Martone Radio Technology, Inc.,

3. Directors of Martone Radio Technology, Inc.,

4. Employees of Plaintiffs Martone and Martone Radio Technology, Inc., including, without limitation, Shika Mankad, Ken Ng, John Youden.

5. Contractors/consultants of Martone Radio Technology, Inc., including, without limitation, Mike Coryell, Mark Wiprud, Peter Cripps and Ken Okutake.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties do not consent to have a magistrate judge conduct proceedings, including trial and entry of judgment, in this action.

**14.    Other References:**

The parties do not believe that this case is suitable for binding arbitration. Appointment of an expert in the form of a special master to review and analyze the software at issue in this case may be warranted.

**15.    Narrowing of Issues:**

As discovery in this case proceeds and the factual and legal issues in this case narrow, the parties are open to the possibility of expediting the presentation of evidence at trial and otherwise narrow by agreement the issues in this case.

**16.    Expedited Schedule:**

This case is at the pleading stage and the parties are currently unable to determine whether the case can be handled on an expedited basis or under streamlined procedures.

///

///

**17. Scheduling:**

The parties propose the following schedule for this case:

1. March 31, 2009   Time by which the parties must join additional parties and amend the pleadings;
2. July 31, 2009.  Time by which the parties must complete all fact discovery;
3. August 28, 2009.  Time by which the parties must disclose expert witnesses;
4. September 25, 2009.   Time by which the parties must exchange expert reports;
5. October 23, 2009.  Time by which the parties must exchange expert rebuttal reports;
6. December 30, 2009.  Time by which the parties must complete all expert discovery;
7. February 14, 2010.  Last day for hearing of dispositive motions;
8. February 14, 2010 Final pretrial hearing;
9. March 14, 2010  Trial.

**18. Trial:**

The parties request a trial by jury of all issues so triable.  Counsel for all of the parties agree that the trial of this case will require at least 15 court days.

**19. Disclosure of Non-party Interested Entities or Persons:**

The Parties will file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  With respect to Plaintiff Martone Radio Technology, Inc., the persons, firms, partnerships, corporations, including parent corporations, or other entities known by MRT to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding are:

A. Massimiliano Martone;

B. Ronald Howard.

With respect to Defendants David Burgess, Kestral Signal Processing, Inc., and Range Networks, Inc., the persons, firms, partnerships, corporations, including parent corporations, or other entities known by Defendants to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be

substantially affected by the outcome of the proceeding are:

    A. David Burgess;

    B. Harvind Samra;

    C. Glenn Edens.

**20.** In the absence of discovery, the parties are currently unable to offer suggestions that might facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August 5, 2008

                                 GREENAN, PEFFER, SALLANDER & LALLY LLP

                                 By: _____
                                     Edward Romero
                                     Attorneys for Plaintiffs
                                     MASSIMILIANO MARTONE and
                                     MARTONE RADIO TECHNOLOGY, INC.

                                 LAW OFFICES OF CHRISTOPHER W. SWEENEY

                                 By:       /s /
                                     Christopher W. Sweeney
                                     Attorneys for Defendants
                                     DAVID BURGES, KESTREL SIGNAL
                                     PROCESSING, INC., RANGE NETWORKS,
                                     INC.