Christopher W. Sweeney (SBN 143217)
LAW OFFICES OF CHRISTOPHER W. SWEENEY
1500 Oliver Road, Suite K, PMB 321
Fairfield, CA 94534
Telephone: (707) 435-1244
Facsimile: (707) 435-1245
Email: cwslaw@comcast.net

Attorney for Defendants DAVID BURGESS
KESTREL SIGNAL PROCESSING, INC. and
RANGE NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MASSIMILIANO MARTONE, an individual; MARTONE RADIO TECHNOLOGY, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID BURGESS, an individual; KESTREL SIGNAL PROCESSING, INC., a California Corporation; and RANGE NETWORKS, INC<br><br>Defendants. | **Case No. C-08-02379 CW (E-filing)**<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMMON LAW MISAPPROPRIATION OF TRADE SECRET, FRAUD AND DECEIT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATION OF UNFAIR COMPETITION LAW, UNJUST ENRICHMENT AND INJUCTIVE RELIEF CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 9(b)]<br><br>**Date: August 28, 2008**<br>**Time: 2:00 p.m.**<br>**Courtroom: 2**<br>**Judge: Hon. Claudia Wilken** |

**I.**

**SUMMARY OF ARGUMENT**

Plaintiffs attempt in their opposition to Defendants' motion to draw numerous distinctions between alleged misappropriation of "confidential and proprietary information" and "tangible and

1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

1  intangible property rights" on the one hand, and misappropriation of "trade secrets" on the other.
2  These distinctions, Plaintiffs contend, mitigate in favor of rejecting Defendants' CUTSA
3  preemption argument.  While Plaintiffs' argument may have merit in the abstract, or in relation to
4  the allegations of other complaints alleging claims for CUTSA violations and related common law
5  theories, *it has no merit in the present case*.

6  The fundamental flaw in Plaintiffs' argument, and the gravamen of Defendants' motion, is
7  that *the allegations of the complaint in the present case make no such distinctions.*    Rather, as
8  Defendants maintain in their moving papers, Plaintiff's Third Claim for Relief (Common Law:
9  Misappropriation of Trade Secret), Sixth Claim for Relief (Breach of the Covenant of Good Faith
10 and Fair Dealing), Seventh Claim for Relief (Violation of Unfair Competition Law), Eighth Claim
11 for Relief (Unjust Enrichment) and Tenth Claim for Relief (Injunctive Relief) *are all based upon*
12 *identical allegations that are expressly incorporated into each identified Claim*.  These allegations
13 recount the unauthorized acquisition, use and disclosure (defined as "misappropriation" under
14 CUTSA) of Plaintiff's intellectual property and trade secrets.  Courts considering trade secret claims
15 have consistently interpreted the provisions of CUTSA to mean that all other claims based upon
16 misappropriation of trade secrets are preempted by CUTSA.  Plaintiff's Complaint fails to allege
17 any wrongful conduct of Defendants in support of these Claims *independent of* alleged
18 misappropriation of trade secrets.  Accordingly, since these Claims are based upon the identical
19 nucleus of facts as Plaintiff's Second Claim for Relief (Violation of  the California Uniform Trade
20 Secrets Act [*Cal. Civ. Code section 3426 et seq.*], the claims are preempted by CUTSA and should
21 be dismissed.

22 Plaintiff's Fourth Claim for Relief (Fraud and Deceit) is similarly preempted, insofar as it is
23 based upon the Defendants' false promise to protect the trade secrets of Plaintiff.  Plaintiff's Fourth
24 Claim for Relief is further deficient in that it fails to allege sufficiently specific allegation to meet
25 the heightened pleading requirements of Rule 9 (b).  Finally, even if not preempted, Plaintiff's
26 Fourth Claim for Relief alleges false promises in connection with the billing for services provided
27 by Defendant David Burgess, but fails to allege specific facts supporting the fraud charge.
28 Plaintiffs' have failed to identify specific allegations of the complaint sufficient to satisfy the

2
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

pleading requirements of Rule 9 (b) and thus the Claim should be dismissed.

## II.

## ARGUMENT

### A. PLAINTIFFS' COMMON LAW AND UNFAIR COMPETITION CLAIMS ARE BASED UPON AN IDENTICAL NUCLEUS OF FACTS AND THUS ARE PREEMPTED BY CUTSA

California Civil Code section 3426.1(b) provides, in pertinent part, that "[m]isappropriation" means: "(1) [a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) [d]isclosure or use of a trade secret of another without express or implied consent . . ." (underlining added).  The identical factual allegations supporting the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief, found in paragraphs 36 through 92 of Plaintiff's Complaint, recount alleged, unauthorized acquisition, use and disclosure of Plaintiff's intellectual property and trade secrets by Defendants, including the following: (1) photographing commercially sensitive areas of Plaintiff's laboratory (Complaint, paragraphs 39 through 41; ["Compl., ¶¶ 39-41"]; (2) reviewing commercially sensitive documents (Compl., ¶ 42); (3) questioning employees about Plaintiff's technology unrelated to Defendant Burgess' work (Compl., ¶¶ 43-45); (4) discussing Plaintiff's technology with competitors (Compl., ¶¶ 46-48); (5) forming a competing business venture to "raid" Plaintiff's employees (Compl., ¶¶ 49-55); (6) the threatened use of Plaintiff's hardware and software in Defendant's competing business venture (Compl., ¶¶ 58-61); (7) the disclosure to third parties of sensitive, unclassified information of Plaintiff (Compl., ¶¶ 62-63); (8) the taking of trade secrets and intellectual property of Plaintiff from Plaintiff, including software and algorithms of Plaintiff (Compl., ¶¶ 64-69); (9) the unauthorized downloading of source code and computer files and software of Plaintiff (Compl., ¶¶ 70-72); (10) the unauthorized transmission of intellectual property of Plaintiff to third parties (Compl., ¶¶ 73-78); (11) the unauthorized transmission of intellectual property of Plaintiff to other

3
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

consultants and associated, fraudulent billing practices (Compl., ¶¶ 79-83); the unauthorized photographing of Plaintiff's equipment (Compl., ¶¶ 84-88); and (12) the actual use of Plaintiff's intellectual property, including software and hardware, in connection with Defendants' competing business venture (Compl., ¶¶ 89-92).

These allegations, to the extent they allege the unauthorized acquisition, use and/or disclosure of Plaintiffs' "intellectual property", clearly constitute "misappropriation of trade secrets" within the meaning of CUTSA.  Indeed, t*hese allegations are alleged by Plaintiff to constitute trade secret violations* in the Second Claim for Relief (CUTSA Violation). (Compl., ¶¶ 99-109). Specifically, paragraph 100 of Plaintiffs' complaint provides as follows:  "The ***intellectual property described above constitutes trade secrets of Martone and MRT as defined by California Civil Code sections 3426.1(d)***."  Additionally, paragraph 102 of the complaint (in Plaintiffs' CUTSA claim), alleges that Defendants were "under a duty to keep secret the *trade secrets and intellectual property* of Martone and MRT and not to disclose such information other than for the benefit of Martone and MRT."

All of the above referenced allegations are expressly incorporated into, and form an identical nucleus of facts upon which the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief are based.  While Plaintiffs' opposition attempts to distinguish "confidential and proprietary information" from "trade secrets", Plaintiffs' *complaint* makes no such distinction.  To the contrary, since these identical allegations form the basis for Plaintiff's CUTSA claim, Plaintiffs Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief are preempted by CUTSA under the clear weight of the authorities cited herein.

With regard to plaintiff's Sixth Claim for Relief (Breach of the Covenant of Good Faith and Fair Dealing), to the extent this claim is predicated upon an alleged tortious breach of the covenant, the claim is preempted by CUTSA under the authorities above cited.  See Convolve, Inc. v. Compaq

4

Computer Corp., 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848, at *24-26 (S.D.N.Y. Mar. 29, 2006) (applying California law).  Claims for breach of the covenant are generally alleged to provide a basis for the recovery of tort damages, independent of, and in addition to a right to recover damages for breach of contract.  It is well established law in California that a party may recover *only contract damages* in an action on a commercial contract unless a special relationship exists, such as that of insurer and insured in insurance cases.  This rule prevents an award of tort damages from intruding upon the expectations of contracting parties of roughly equal bargaining power.  Seaman's Direct Buying Serv., Inc. v. Standard Oil, 36 Cal.3d 752, 769 (1984) [disapproved on other grounds in Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134 (2003)].  The distinction between tort and contract is well grounded in common law, and divergent objectives underlie the remedies created in the two areas. Whereas contract actions are created to enforce the intentions of the parties to the agreement, tort law is primarily designed to vindicate "social policy." (Prosser, Law of Torts (4th ed. 1971) p. 613.) The covenant of good faith and fair dealing was developed in the contract arena and is aimed at making effective the agreement's promises.  Foley v. Interactive Data Corp., 47 Cal.3d 654, 683 (1988).

    To the extent the Claim is based upon a breach of a contractual duty giving rise to contract damages, the Sixth Claim for Relief states no independent basis for relief distinct from Defendant's Fifth Claim for Relief (Breach of Contract).  Absent allegations of tortious breach, a breach of the implied covenant simply provides an alternative basis for establishing breach of contract.  To the extent the Sixth Claim for Relief is intended to provide an independent basis for the recovery of tort damages, it is preempted by CUTSA (in addition to suffering from other pleading deficiencies, including the absence of an alleged "special relationship.") For these reasons, the Sixth Claim for Relief should be dismissed.

    //

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

With regard to Plaintiffs' Seventh Claim for Relief (Unfair Competition Claim), Plaintiffs, again, can point to no specific allegations in support of this claim independent of the allegations of trade secret misappropriation. Digital Envoy, Inc. v. Google, Inc., 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005) [common law and statutory unfair competition and unjust enrichment claims preempted by CUTSA when based on same nucleus of facts as trade secret misappropriation claim].

Finally, with regard to the Eighth and Ninth Claims for Relief, Plaintiffs argue that CUTSA and the Computer Fraud and Abuse Act authorize the recovery for unjust enrichment for trade secret misappropriation and injunctive relief for computer fraud respectively, which somehow defeats preemption. Plaintiffs' argument misses the mark entirely. To the extent CUTSA and the Computer Fraud and Abuse Act provide for recovery of unjust enrichment and injunctive relief, *any common law theories predicated upon the same factual allegations are preempted.* There is no need or legal basis for the assertion of independent common law claims based upon these theories under the preemption authorities cited herein, as these remedies are already provided within the clear statutory framework of each statute.

### B. PLAINTIFFS CANNOT IDENTITY SPECIFIC FACTUAL ALLEGATIONS SUPPORTING THE FOURTH CLAIM FOR RELIEF AS REQUIRED BY RULE 9(B)'S HEIGHTENED PLEADING STANDARDS.

Plaintiff's Fourth Claim for Relief (Fraud and Deceit) alleges as follows: "Burgess and Kestrel promised, represented and agreed to protect the trade secrets and intellectual property of Martone and MRT. Burgess and Kestrel further promised, represented and agreed that they would bill plaintiffs only for the services provided by Burgess." (Compl., ¶¶ 119). The Fourth Claim for Relief further alleges that these promises were false and made with the intent to deceive plaintiffs. (Compl., ¶¶ 120-122). For the reasons discussed in Defendants initial moving papers, to the extent this claim is based upon the Defendants' false promise to protect the trade secrets of Plaintiff, the Claim is preempted by CUTSA.

Moreover, Plaintiff's Fourth Claim for Relief further alleges false promises in connection with the billing for services provided by Defendant David Burgess, but fails to allege any specific facts supporting the alleged fraud. Plaintiffs' opposition fails to specify allegations of the complaint setting forth sufficiently specific facts supporting this claim. Specifically, the Fourth Claim for Relief fails to specify the time, place and specific content of the alleged false representations, or the identities of the parties making or hearing such representations. The only other allegation of the Complaint even addressing the alleged fraudulent billing is found in paragraph 83. These allegations do not contain the specificity required by Rule 9(b) to support Plaintiff's fraud claim. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 f.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). The Ninth Circuit mandates that allegations of fraud specifically include "an account of the time, place, and the specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356 F.3d, 1058, 1066 (9th Cir. 2004). The above referenced allegations fail altogether to satisfy Rule 9(b) heightened pleading requirements, and thus Plaintiff's Fourth Claim for Relief should be dismissed.

### C. DEFENDANTS' CUTSA PREMPTION ARGUMENT IS RIPE FOR ADJUDICATION BY THE PENDING MOTION.

Plaintiffs next contend that Defendants' preemption argument is not ripe for adjudication by a motion to dismiss. Plaintiffs argue that it "would work an injustice" to require Plaintiffs to allege conduct separate and distinct from trade secret misappropriation in support of their common law claims based upon an identical nucleus of facts. This argument is inconsistent with the express legislative intent and purpose of CUTSA, as well as the clear weight of authority in the Northern District interpreting the effect and purpose of the statute. See Digital Envoy, Inc. v. Google, Inc.,

7
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS - CASE NO. C-08-2379 CW (E-filing)**

370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005) [common law and statutory unfair competition and unjust enrichment claims preempted by CUTSA when based on same nucleus of facts as trade secret misappropriation claim]; AccuImage Diagnostics Corp. v Terarecon, Inc., 260 F.Supp.2d 941, 953-54 (N.D. Cal. 2003) [common law trade secret misappropriation claim preempted by CUTSA]; Convolve, Inc. v. Compaq Computer Corp., 00 CV 5141 (GBD), 2006 U.S. Dist. LEXIS 13848, at *24-26 (S.D.N.Y. Mar. 29, 2006) (applying California law) [CUTSA preempts claims for tortious interference with contract and prospective business advantage]; First Advantage Background Services, Corp. v. Private Eyes, Inc., C-07-2424 SC, Document 46, (N.D. Cal. 2008) [common law claims based upon wrongful acts of trade secret misappropriation preempted by CUTSA and dismissed with prejudice by Northern District Court on motion to dismiss].

The upshot of Plaintiffs' argument is that Defendants should be required to defend multiple claims with different and conflicting evidentiary burdens predicated upon an identical set of core facts through the pleading stage of the case and beyond. In the context of trade secret misappropriation and related common law claims, Plaintiffs' argument turns on its head the clear legislative intent of CUTSA as set forth in Plaintiffs' own opposition papers – "*to provide **'unitary' definitions of trade secret and trade secret misappropriation**, and a single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law.*" American Credit Indemnity Company v. Sacks, 213 Cal.App.3d 622, 630 (1989). [It is significant to note that legislative history cited by Plaintiffs in their opposition support, rather than refute Defendants preemption argument]. The alternative, as Plaintiffs would have it, is to require the litigants and the Court alike to proceed with costly discovery and motion practice on conflicting legal theories predicated upon an identical set of facts; precisely the outcome that CUTSA was enacted to avoid.

//

## III.

## <u>CONCLUSION</u>

For all the foregoing reasons, and the reasons set forth in Defendants' initial motion papers, Defendants respectfully request that the Court grant Defendants' motion to dismiss the Third, Fourth, Sixth, Seventh, Eighth and Tenth Claims for Relief of Plaintiff's Complaint.

Respectfully submitted,

Dated: August 14, 2008        LAW OFFICES OF
                                              CHRISTOPHER W. SWEENEY

                                By:  /s/
                                        Christopher W. Sweeney
                                        Attorney for Defendants DAVID BURGESS,
                                        KESTREL SIGNAL PROCESSING, INC. and
                                        RANGE NETWORKS, INC.