**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MASSIMILIANO MARTONE, an individual;
and MARTONE RADIO TECHNOLOGY, INC., a
Nevada Corporation,

       Plaintiffs,

   v.

DAVID BURGESS, an individual; KESTREL
SIGNAL PROCESSING, INC., a California
Corporation; and RANGE NETWORKS,
INC.,

       Defendant.

_____/

No. C 08-2379 CW

ORDER GRANTING IN
PART DEFENDANTS'
MOTION TO DISMISS

Defendants David Burgess, Kestrel Signal Processing, Inc. and
Range Networks, Inc. move to dismiss certain of the claims asserted
against them.  Plaintiffs Massimiliano Martone and Martone Radio
Technology, Inc. (MRT) oppose Defendants' motion.  The matter was
taken under submission on the papers.  Having considered all of the
papers submitted by the parties, the Court grants Defendants'
motion in part and denies it in part.

BACKGROUND

The following facts are alleged in the complaint.  MRT
designs, develops and supplies wireless transceivers and geo-

**United States District Court**
For the Northern District of California

location devices.  Martone is the founder, president and chief
executive of MRT.  One of the devices sold by MRT is a portable
base station transceiver (BST) for cellular communications.  The
BST relies on software and hardware that was conceived, designed
and developed by Plaintiffs.  It has "unique features and
performances which are based on Martone's theoretical knowledge of
electromagnetic propagation and signal processing."  Compl. ¶ 2.

Plaintiffs retained Burgess between September, 2004 and
October, 2007 to develop software for the BST.  In August, 2005,
Burgess formed Kestrel and began providing his services under its
name.  Prior to beginning his work, Burgess entered into an
agreement with Martone in which he promised not to disclose
Plaintiffs' proprietary information to other persons or to use such
information for any unauthorized purpose.  The agreement defines
proprietary information, with several exceptions, as "any
documented information originated by or peculiarly within the
knowledge of the disclosing party or its suppliers, which
information is appropriately marked or otherwise clearly identified
in writing as being proprietary at the time of its disclosure to
the receiving party."  Compl. Ex. 1 ¶ 2.

During the time he was retained by Plaintiffs, Burgess sought
out information he was not authorized to possess.  To this end, he
photographed commercially sensitive areas of MRT; reviewed
commercially sensitive documents in Martone's office; and
questioned MRT's employees about various aspects of BST technology
that were unrelated to the services he was retained to provide.  He
then used the information he had obtained for improper purposes.
For example, he disclosed some of MTS's proprietary information to

Tropos Networks, Inc., a competitor. He also formed Defendant Range Networks for the purpose of developing and marketing a BST device that is based on the same technical standards and performs the same functions as MRT's BST. In addition, without telling Plaintiffs, Burgess hired software consultants and provided them with proprietary information that only he was authorized to view. He had the consultants develop the software that he had agreed to provide to Plaintiffs, then billed MRT for the work at the same rate he charged for his own services, not disclosing that he had not performed the work himself.

Plaintiffs assert ten distinct causes of action against Defendants under federal and California law: 1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, against Burgess and Kestrel; 2) violation of the California Uniform Trade Secrets Act (CUTSA), Cal. Civ. Code § 3426 et seq., against Burgess, Kestrel and Range; 3) common law misappropriation of trade secrets, against Burgess, Kestrel and Range; 4) fraud and deceit, against Burgess and Kestrel; 5) breach of contract, against Burgess and Kestrel; 6) breach of the covenant of good faith and fair dealing, against Burgess and Kestrel; 7) violation of the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq., against Burgess, Kestrel and Range; 8) unjust enrichment, against Burgess, Kestrel and Range; 9) declaratory relief, against Burgess, Kestrel and Range; 10) injunctive relief, against Burgess, Kestrel and Range. Defendants now move to dismiss the third, fourth, sixth, seventh, eighth and tenth causes of action.

**United States District Court**
For the Northern District of California

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

DISCUSSION

I.    Preemption by CUTSA

Defendants argue that Plaintiffs' claims for common law misappropriation of trade secrets, violation of the UCL, fraud and deceit, unjust enrichment and injunctive relief are preempted by CUTSA.

A.    Legal Framework

California's legislature enacted CUTSA in 1984 "to provide unitary definitions of trade secret and trade secret misappropriation, and a single statute of limitations for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law." Am. Credit Indem. Co. v. Sacks, 213 Cal. App. 3d 622, 630 (1989) (internal quotation marks omitted).  It defines a "trade secret" as:

> [I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
>> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>>
>> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

"CUTSA preempts common law claims that are based on misappropriation of a trade secret." Ali v. Fasteners for Retail, Inc., 544 F. Supp. 2d 1064, 1070 (E.D. Cal. 2008) (internal

United States District Court
For the Northern District of California

5

quotation marks omitted); <u>see also</u> <u>Cadence Design Sys., Inc. v.</u>
<u>Avant! Corp.</u>, 29 Cal. 4th 215, 224 (2002) (noting that a claim must
be "divided in two" if it is based on a continuing trade secret
misappropriation that took place both before and after the
effective date of CUTSA: "one common law claim for misappropriation
occurring before that date, and one [C]UTSA claim for
misappropriation occurring thereafter"). However, CUTSA exempts
certain claims from the scope of its pre-emption: it "does not
affect (1) contractual remedies, whether or not based upon
misappropriation of a trade secret, (2) other civil remedies that
are not based upon misappropriation of a trade secret, or
(3) criminal remedies, whether or not based upon misappropriation
of a trade secret." Cal. Civ. Code § 3426.7(b).

"Courts have held that where a claim is based on the
'identical nucleus' of facts as a trade secrets misappropriation
claim, it is preempted by [C]UTSA." <u>Silicon Image, Inc. v.</u>
<u>Analogix Semiconductor, Inc.</u>, 2007 WL 1455903, at *9 (N.D. Cal.).
"The preemption inquiry for those causes of action not specifically
exempted by § 3426.7(b) focuses on whether other claims are no more
than a restatement of the same operative facts supporting trade
secret misappropriation. . . . If there is no material distinction
between the wrongdoing alleged in a [C]UTSA claim and that alleged
in a different claim, the [C]UTSA preempts the other claim."
<u>Convolve, Inc. v. Compaq Computer Corp.</u>, 2006 WL 839022, at *6
(S.D.N.Y.) (applying California law).

B.    Common Law Misappropriation of Trade Secrets

Plaintiffs do not directly respond to Defendants' argument
that their common law claim for misappropriation of trade secrets

**United States District Court**
For the Northern District of California

is preempted by CUTSA, and case law supports Defendants' position. The Court therefore dismisses the third cause of action. This dismissal is with prejudice because any common law claim for misappropriation of trade secrets is necessarily preempted by CUTSA.

C.    Violation of the UCL

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838-39 (1994).

Plaintiffs argue that their UCL claim is not preempted because the complaint's allegations against Defendants are not limited to misappropriation of trade secrets. They maintain that the agreement bound Burgess to protect "both the trade secrets and other intellectual property" of Plaintiffs, and "does not distinguish between trade secrets and other forms of tangible and intangible property rights constituting 'Proprietary Information.'" Pls.' Opp. at 15. They also argue that the preemption issue is not ripe for determination at this stage of the proceedings because there is no "method to determine at the pleading stage what Proprietary Information constitutes 'trade secrets' or other property interests protected by other California laws." Id. at 16.

Plaintiffs are correct that it would be premature at this point to assign a specific meaning to "proprietary information," as

United States District Court
For the Northern District of California

7

that term is used in the agreement.  And it may be the case that some information that is considered proprietary under the agreement is not a trade secret under CUTSA, or vice-versa.  Plaintiffs are also correct that their UCL claim is not preempted to the extent it is based on misappropriation of property that is not a trade secret.

Although most of the allegations in the complaint supporting Plaintiffs' UCL claim concern Defendants' misuse of information that appears to fall within the definition of a "trade secret" under CUTSA, the Court will construe the claim as based on those facts that are not part of the nexus that forms the basis for their CUTSA claim.  If, following discovery, there is not sufficient evidence to support a UCL claim based on a distinct nexus of facts, Defendants may move for summary judgment at that time.

D.    Fraud and Deceit

According to the complaint, Plaintiffs' claim for fraud and deceit has two components: one based on Burgess' promise to protect Plaintiffs' "trade secrets and intellectual property" and another based on Burgess' promise to "bill plaintiffs only for the services provided by [him]."[1]  Compl. ¶ 119.  The fraudulent billing component of the claim is based on facts that are mostly distinct from the alleged misappropriation of Plaintiffs' intellectual property, and thus is not preempted by CUTSA.  The first component of the claim, in contrast, is based largely upon the same facts as

_____

[1]In their opposition to the present motion, Plaintiffs state that the fraud claim is also based on Defendants' "intent to defraud plaintiffs in violation of the Computer Fraud and Abuse Act."  Pls.' Opp. at 15.  However, the complaint does not identify Defendants' alleged violation of the Act as a basis for the fraud claim.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  the CUTSA claim.  However, the crux of the fraud claim is Burgess'

2  alleged _false promise_ to protect Plaintiffs' trade secrets.  This

3  promise is not an element of the CUTSA claim.  Accordingly, this

4  component of the fraud claim is not preempted, either.

5       E.   Unjust Enrichment

6       To the extent Plaintiffs intend to assert an independent claim

7  claim for unjust enrichment, it would appear to be premised on the

8  same nucleus of facts as their CUTSA claim, and thus would be

9  preempted.  Plaintiffs' opposition to the present motion, however,

10  suggests that they merely seek restitution as a remedy in

11  connection with their other claims, as a means of rectifying

12  Defendants' unjust enrichment.  CUTSA states, "A complainant may

13  recover damages for the actual loss caused by misappropriation.  A

14  complainant also may recover for the unjust enrichment caused by

15  misappropriation that is not taken into account in computing

16  damages for actual loss."  Cal. Civ. Code § 3426.3(a).  Plaintiffs

17  may also choose to seek restitution, rather than money damages, as

18  a remedy for their breach of contract claim.  See Ajaxo Inc. v.

19  E*Trade Group, Inc., 135 Cal. App. 4th 21, 56 (2005) ("When the

20  remedy given for breach of contract is money damages, the amount

21  awarded is determined with the purpose of putting the injured party

22  in as good a position as he would have occupied had the contract

23  been performed.  In granting restitution as a remedy for the

24  breach, however, the purpose to be attained may be no more than the

25  restoration of the injured party to as good a position as that

26  occupied by him before the contract was made.").  The Court will

27  therefore construe the eighth cause of action as a request for

28  restitution as a remedy in connection with Plaintiffs' other

United States District Court
For the Northern District of California

1   claims.  As such, it is not preempted and will not be dismissed.

2       F.   Injunctive Relief

3       Plaintiffs also purport to assert an independent cause of

4   action for an injunction prohibiting Burgess, Kestrel and Range

5   from "using and profiting from the use of plaintiffs' trade secrets

6   and intellectual property."  Compl. ¶ 143.  However, injunctive

7   relief is a remedy, not a cause of action, and thus it must be

8   tethered to some independent legal duty owed by the defendant to

9   the plaintiff.  McDowell v. Watson, 59 Cal. App. 4th 1155, 1159

10  (1997); Cox Commc'ns PCS, L.P. v. City of San Marcos, 204 F. Supp.

11  2d 1272, 1283 (S.D. Cal. 2002).  Plaintiffs may seek an injunction

12  as a remedy in connection with their other claims, and the Court

13  will construe the tenth cause of as a request to do so, not as a

14  separate cause of action.[2]  As such, it is not preempted and will

15  not be dismissed.

16  II.  Pleading Requirements for Plaintiffs' Fraud Claim

17      In addition to arguing that Plaintiffs' claim for fraud and

18  deceit is preempted by CUTSA, Defendants also argue that this claim

19  is not plead with particularity as required by Rule 9(b) of the

20  Federal Rules of Civil Procedure.  Pursuant to this rule, "a party

21  must state with particularity the circumstances constituting

22  fraud."  However, the rule requires only that the allegations be

23  "specific enough to give defendants notice of the particular

24  _____

25      [2]Plaintiffs' ninth cause of action seeks a declaration that
    Burgess and Kestrel have breached the agreement and that all
26  Defendants have wrongfully acquired and used Plaintiffs' trade
    secrets.  This claim, too, is more accurately characterized as a
27  remedy than a separate cause of action.  It is also superfluous, in
    that judgment in Plaintiffs' favor on their breach of contract and
28  CUTSA claims would effectively serve as the declaration they seek.

misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

The Court finds that Plaintiffs' fraud claims are plead with sufficient particularity. The complaint clearly alleges that Burgess made a number of promises when he entered into the agreement with Plaintiffs, including: a promise that he would keep Plaintiffs' proprietary information confidential and not use it for any unauthorized purpose; and that he alone would receive all proprietary information. The complaint further alleges that these promises were false and gives examples of how they were violated. Specifically, it alleges that Burgess disclosed Plaintiffs' proprietary information to MRT's competitor and subsequently formed his own company to compete against MRT while relying on MRT's own proprietary information. It also alleges that, without telling Plaintiffs, Burgess hired software consultants to develop the software that he had agreed to provide, and then billed MRT for the work at the same rate he charged for his own services. Defendants' argument that the complaint "fails to specify the time, place and specific content of the alleged false representations or the identities of the parties making or hearing such representations," Defs.' Mot. at 10, is incorrect; the promises are contained in the

**United States District Court**
For the Northern District of California

agreement, which was entered into between Martone and Burgess on September 28, 2004.

III. Plaintiffs' Claim for Breach of the Covenant of Good Faith and Fair Dealing

Under California law, "[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958). "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract. . . . Accordingly, it imposes not only upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 806 (2008) (citation and internal quotation marks omitted).

Defendants argue that Plaintiffs' claim for breach of the covenant of good faith and fair dealing should be dismissed because the complaint alleges no conduct by Burgess, other than breach of the express terms of the agreement, denying Plaintiffs the benefit of their agreement.[3]  It is true that this claim appears to be

---

[3]Defendants also argue that, to the extent Plaintiffs intend to pursue a claim for tortious (as opposed to quasi-contractual) breach of the covenant of good faith and fair dealing, the claim is
                                                            (continued...)

based on the same set of facts as Plaintiffs' breach of contract claim. But Defendants have cited no case holding that this is a ground for dismissal. Accordingly, the Court will not dismiss the claim at this time.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' claim for common law misappropriation of trade secrets is dismissed with prejudice. Plaintiffs may proceed with their remaining claims. Defendants must file an answer within twenty days of the date of this order. The case management conference currently scheduled for August 28, 2008 will go forward as planned.

IT IS SO ORDERED.

Dated: 8/25/08

_____
CLAUDIA WILKEN
United States District Judge

---

³(...continued)
preempted by CUTSA. Plaintiffs, however, state that they have not asserted a claim for tortious breach of the covenant of good faith and fair dealing.