1  Kevin D. Lally (SBN 095374)
   Edward Romero (SBN 148495)
2  GREENAN, PEFFER, SALLANDER & LALLY LLP
   Post Office Box 10
3  6111 Bollinger Canyon Road, Suite 500
   San Ramon, California 94583
4  Telephone: (925) 866-1000
   Facsimile: (925) 830-8787
5  Email: ERomero@gpsllp.com

6  Mary McNamara (SBN 147131)
   August Gugelmann (SBN 240544)
7  SWANSON, McNAMARA & HALLER LLP
   300 Montgomery Street, Suite 1100
8  San Francisco, California 94104
   Telephone:  (415) 477-3800
9  Facsimile:  (415) 477-9010
   Email: MMcnamara@SMHlegal.com

10
   Attorneys for Plaintiffs
11 Massimiliano Martone and
   Martone Radio Technology, Inc.
12

13              UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 MASSIMILIANO MARTONE, an individual; )   Case No.: Case No. 08-2379 CW
   MARTONE RADIO TECHNOLOGY, INC., a)
17 Nevada Corporation, ,                )   **NOTICE OF *EX PARTE* MOTION AND**
                                        )   ***EX PARTE* MOTION OF**
18            Plaintiffs,               )   **MASSIMILIANO MARTONE AND**
                                        )   **MARTONE RADIO TECHNOLOGY FOR**
19    vs.                               )   **AN ORDER PERMITTING THE**
                                        )   **LODGING UNDER SEAL OF THE**
20 DAVID BURGESS, an individual; KESTREL )   **DECLARATION OF MASSIMILIANO**
   SIGNAL PROCESSING, INC., a California )   **MARTONE RE: ANALYSIS OF**
21 Corporation; RANGE NETWORKS, INC., a )   **SOFTWARE CODE; MEMORANDUM**
   California Corporation; and DOES 1 through )   **OF POINTS AND AUTHORITIES IN**
22 50, inclusive ,                      )   **SUPPORT OF MOTION TO SEAL**
                                        )
23            Defendants.               )   Date:  November 18, 2008
                                        )   Time:  To Be Determined
24                                      )   Courtroom: 2
                                        )   [The Honorable Claudia Wilken]
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28

Greenan,
Peffer,
Sallander &                              1
Lally LLP

1    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that as soon as this matter can be heard by the Honorable

3    Claudia Wilken in Courtroom 2 of the United States District Court for the Northern District of

4    California, located at 1301 Clay Street, Oakland, California 94612, Oakland, California,

5    plaintiffs Massimiliano Martone ("Martone") and Martone Radio Technology, Inc. ("MRT")

6    will, and hereby do, move *ex parte* for an order permitting the sealing and preventing the public

7    disclosure of the Declaration of Massimiliano Martone Re:  Analysis of Software Code  (the

8    "Martone Software Analysis") which plaintiffs seek to lodge in support of the Motion for

9    Temporary Restraining Order and Preliminary Injunction filed contemporaneously with this

10    motion.

11      Plaintiffs seek leave to lodge the Martone Software Analysis under seal because it

12    analyzes aspects of a computer code which is among the trade secrets and intellectual property at

13    issue in this case.  Public disclosure of the Martone Software Analysis would result in the release

14    of proprietary technical information which would irreparably harm plaintiffs.

15      This Court has inherent powers over its records to seal documents lodged as evidence.

16    *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Shryock*, 342

17    F. 3d 948, 983 (9th Cir. 2003); *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433-34 (9th Cir. 1995);

18    *United States v. Hernandez-Escarsega*, 886 F. 2d 1560, 1581 (9th Cir. 1989).

19      Furthermore, this court is empowered to rule on a party's *Ex Parte* Motion to file a

20    document under seal. *Ivanova v. Columbia Pictures Indus., Inc.*, 217 F.R.D. 501, 504 (C.D. Cal.

21    2003); *Dawe v. Corrections U.S.A.*, slip copy, 2008 WL 1849802, at *16 (E.D. Cal. 2008);

22    *Tater-Alexander v. Amerjan*, slip copy, 2008 WL 961234, at *1-3 (E.D. Cal. 2008); *Centillium v.*

23    *Atlantic Mut. Ins. Co.*, slip copy, 2008 WL 728639, at *6 (N.D. Cal. March 17, 2008).

24      As measured by the authorities identified above, good cause exists for the lodging, under

25    seal, of the Martone Software Analysis.  Specifically,

26      1.     Submission of the Martone Software Analysis is necessary to adequately and fully

27    present the merits of Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Motion

28    for a Preliminary Injunction (the "TRO Motion").  As set forth in the TRO Motion, Defendants

Greenan,
Peffer,
Sallander &
Lally LLP

1   have infringed on Plaintiffs' trade secrets by publishing aspects of their computer code on an

2   Internet website. The Martone Software Analysis sets forth the details about some of the

3   algorithms and computer code developed by MRT and demonstrates that the code published by

4   Defendants infringes on Plaintiffs' trade secrets. Plaintiffs are unable to file the Martone

5   Software Analysis because public access to it would result in the exploitation of a valuable asset

6   which has taken plaintiffs significant time and money to develop. Without submission of the

7   Martone Software Analysis, however, Defendants will likely assert that Plaintiffs have failed to

8   meet the standards for the issuance of a temporary restraining order and preliminary injunction as

9   set forth in Rule 65 of the Federal Rules of Civil Procedure. Accordingly, excluding the Martone

10  Software Analysis from the TRO Motion, as well as allowing the public access to the trade

11  secrets and intellectual property of Martone and MRT, would result in immediate and irreparable

12  injury to Plaintiffs.

13      2.      The Martone Software Analysis sets forth aspects of a computer code to a base

14  station transceiver, a device that was conceived, designed and developed by Martone and MRT

15  (the "MRT-BTS") and which has required an investment by plaintiffs of years of effort and

16  money. The MRT-BTS, and the computer code that makes it work, are subject to the Arms

17  Export Control Act, 22 U.S.C. section 2751 *et seq.*

18      3.      The computer code set forth in the Martone Software Analysis also represents the

19  trade secrets and intellectual property of Martone and MRT. Disclosure of these trade secrets

20  will destroy their value. As a result, plaintiffs will suffer immediate and irreparable injury

21  should the Martone Software Analysis not be shielded from public access.

22      4.      By this motion, Plaintiffs seek only that the Martone Software Analysis be lodged

23  under seal pending entry of an appropriate protective order governing the disclosure and use of

24  confidential and proprietary information. In July 2008, Plaintiffs forwarded a draft stipulation

25  and proposed protective order to Defendants who did not respond to it until early October 2008.

26  Plaintiffs' forwarded additional changes to the stipulation on October 10 but have heard nothing

27  further from Defendants. Once this stipulated protective order is entered, Plaintiffs will formally

28  proceed under Civil Local Rules 7-12 and 79-5 to ensure that the Declaration remains sealed.

Greenan,
Peffer,
Sallander &
Lally LLP

Notice of *Ex Parte* Motion for Order                                   Case Number 08-2379 CW
Permitting Declaration to be filed Under Seal

1    This *Ex Parte* Motion is based on this Notice of Motion and Motion is based on the

2  supporting Memorandum of Points and Authorities found in the succeeding pages; the

3  Declarations of Massimiliano Martone and Edward Romero filed herewith; a proposed form of

4  order pursuant to Civil Local Rule 7-2(c); any reply memorandum which Plaintiffs may be

5  entitled to file; all pleadings and papers on file in this action; and any further evidence and

6  argument that the court may permit at the hearing of this motion.

7

8  Dated: November 18, 2008

9

10                                        GREENAN, PEFFER, SALLANDER & LALLY LLP

11

12                        By: _____

13                              Edward Romero

14                              Attorney for Plaintiffs
                                Massimiliano Martone and
                                Martone Radio Technology, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

4

Notice of *Ex Parte* Motion for Order                              Case Number 08-2379 CW
Permitting Declaration to be filed Under Seal

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

### INTRODUCTION

4 By this motion, Martone and MRT seek to adequately present the merits of their motion

5 for a temporary restraining order ("TRO") to prohibit defendants from posting their trade secrets

6 and intellectual property on an Internet website. The law does not require a party to damage its

7 trade secrets in favor of developing the merits of a motion. Accordingly, Martone and MRT

8 respectfully request that they be permitted to lodge under seal the Martone Software Analysis

9 which they would like to submit in support their motion for a TRO.

10

### STATEMENT OF FACTS

11 As a consultant for Martone and MRT, David Burgess ("Burgess") was privy to

12 Plaintiffs' most vital and valuable trade secrets. *See* Declaration of Massimiliano Martone in

13 Support of *Ex Parte* Motion for Temporary Restraining Order and Motion for Preliminary

14 Injunction (the "Martone Decl.") at ¶¶21-3, and 33-6. Rather than maintain Plaintiffs'

15 proprietary information during the course of this litigation, Burgess and others published on an

16 Internet website computer source codes and algorithms that contain numerous and substantial

17 aspect of the source code designed, developed, and written for the MRT Base Transceiver

18 Station (the "MRT-BTS"). Martone Decl. at ¶¶30-1.

19 Facing immediate and irreparable injury both from the publication and unauthorized use

20 of their software, and the likelihood that Defendants will continue to do so, Plaintiffs seek a

21 temporary restraining order and preliminary injunction requiring Defendants to remove all

22 algorithms, computer code, source code, software or other intellectual property relating to any

23 Base Transceiver Station ("BTS"), or similar device, pending the adjudication of this action on

24 the merits.

25 To support the TRO Motion, Martone has prepared a written analysis of aspects of the

26 computer code contained in the MRT-BTS and the computer code posted by defendants on an

27 Internet website (the "Website Code"). In the Software Analysis, Martone expressly identifies

28 aspects of the source codes and algorithms in the MRT-BTS and compares them to the software

Greenan,
Peffer,
Sallander &
Lally LLP

5

1   Defendants published on the Website (the "Website Code").  Martone Decl. at ¶¶56-7.

2        The Martone Software Analysis contains multiple exhibits each of which demonstrates

3   how the code posted by Defendants is the same as, or is derived from, aspects of the software

4   developed by Plaintiffs.  Martone Decl. at ¶57.  The Martone Software Analysis further identifies

5   modifications to the Website Code which were made in an attempt to avoid the detection of

6   similarities between the two computer code.  Martone Decl. at ¶58.  Such modification is known

7   in the technology industry as obfuscation of source code.  *Id.*

8        The Martone Software Analysis makes clear that Defendants duplicated on the Website

9   numerous and significant aspects of the software and other intellectual property used in the

10  MRT-BTS.  Martone Decl. at ¶59.      The source codes and algorithms are essential to implement

11  the MRT-BTS and employ, *inter alia*, a proprietary architecture, software, and hardware.  *Id.*

12  Plaintiffs have spent significant time and money researching and developing these algorithms,

13  software, source codes.  *Id.*  The intellectual property behind the architecture, software, and

14  hardware used in the MRT-BTS are exclusive to Plaintiffs and provide Plaintiffs with a

15  competitive advantage across the globe.  *Id.*

16       Additionally, Plaintiffs' source codes and algorithms are radically different from

17  technology in the public domain.  Martone Decl. at ¶60.  The architecture, software, hardware,

18  and implementation details developed by plaintiffs remain proprietary to Plaintiffs for which

19  patents will soon be filed.  *Id.*  By publishing this confidential and sensitive technological

20  information on the Website, Defendants seek to diminished, if not destroy, the value of

21  Plaintiffs' trade secrets.  *Id.*

22       Furthermore, in a written proprietary agreement with Plaintiffs, Defendants David

23  Burgess and Kestrel Signal Processing, Inc. have agreed that the technical information provided

24  to them by Plaintiffs are subject to the export control laws of the United States.  Martone Decl.,

25  ¶10 and Exhibit A.

26       Because of the sensitive nature of the software and contemporaneously with their Motion

27  for a Temporary Restraining Order, plaintiffs seek leave to lodge the Martone Software Analysis

28  under seal pending entry of an appropriate protective order in this action.  Beginning in July

Greenan,
Peffer,
Sallander &
Lally LLP

Notice of *Ex Parte* Motion for Order                                        Case Number 08-2379 CW
Permitting Declaration to be filed Under Seal

1   2008, Plaintiffs submitted to Defendants a proposed stipulated protective order regulating the use
2   and disclosure of confidential information obtained during the litigation. Declaration of Edward
3   Romero in Support of *Ex Parte* Motion for TRO and Motion for Preliminary Injunction (the
4   "Romero Decl.") at ¶6. After nearly two months of silence, Defendants sent Plaintiffs revisions
5   to the protective order on October 1, 2008. *Id.* Plaintiffs adopted the revisions and suggested
6   further changes which were sent to counsel for Defendants on October 10, 2008. *Id.*

7       Additionally, on November 4, Plaintiffs requested that Defendants stipulate to the sealing
8   of the Martone Software Analysis pursuant to the terms of the draft stipulated protective order of
9   October 10, 2008. On November 7, counsel for plaintiffs again requested by telephone that the
10  parties agree to the filing of the Martone Software Analysis under seal. Counsel for Defendants,
11  however, stated that he had no authority to do so. Romero Decl. at ¶7. In a subsequent email,
12  counsel for defendant stated that he would review the October 10 draft protective order with his
13  clients. Counsel has not since responded.

14      Accordingly, Plaintiffs respectfully request that they be permitted to lodge the Martone
15  Software Analysis under seal so that the TRO Motion can be presented fully and properly and
16  determined on the merits while protecting the trade secrets and intellectual property of Martone
17  and MRT.

18                          **POINTS AND AUTHORITIES**

19  **1.    The Legal Standards for Obtaining *Ex Parte* Relief to Seal a Document.**

20      Plaintiffs do not proceed lightly with this *ex parte* motion. However, the imminent threat
21  to their trade secrets and the improper use of information contrary to the Arms Export Control
22  Act warrant Plaintiffs' attempt to seek this *ex parte* relief.

23      An *Ex Parte* Motion is justified when there is some genuine urgency such that an
24  immediate and irreparable injury, loss, or damage will result to the applicant before the adverse
25  party can be heard in opposition. *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D.
26  Cal. 1989); *see Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490
27  (C.D. Cal. 1989) (stating that *ex parte* motions are justified when "there is a temporal urgency
28  such that immediate and irreparable harm will occur if there is any delay in obtaining relief.").

Greenan,
Peffer,
Sallander &
Lally LLP

Notice of *Ex Parte* Motion for Order                                    Case Number 08-2379 CW
Permitting Declaration to be filed Under Seal

1   District courts are empowered to rule on *Ex Parte* Motions seeking an order to file a document

2   under seal. *Dawe v. Corrections U.S.A.*, slip copy, 2008 WL 1849802, at *16 (E.D. Cal. 2008);

3   *Tater-Alexander v. Amerjan*, slip copy, 2008 WL 961234, at *1-3 (E.D. Cal. 2008); *Centillium v.*

4   *Atlantic Mut. Ins. Co.*, slip copy, 2008 WL 728639, at *6 (N.D. Cal. March 17, 2008); *Ivanova v.*

5   *Columbia Pictures Indus., Inc.*, 217 F.R.D. 501, 504 (C.D. Cal. 2003).

6          An order sealing documents and other evidence from general public purview is an

7   exercise of this court's inherent supervisory power over its records and files. *Nixon v. Warner*

8   *Communications, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Shryock*, 342 F. 3d 948, 983

9   (9th Cir. 2003); *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433-34 (9th Cir. 1995); *United States v.*

10  *Hernandez-Escarsega*, 886 F. 2d 1560, 1581 (9th Cir. 1989).

11         Although a common law right of access to judicial records exists, the public's right to

12  inspect and copy judicial records is not absolute. *Nixon*, 435 U.S. at 597-98; *Kamakana v. City*

13  *and County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006). Sealing documents and shielding

14  them from public inspection is appropriate when the documents can become "a vehicle for

15  improper purposes." *Nixon*, 435 U.S. at 597-98; *Kamakana*, 447 F. 3d at 1179; *Hagestad*, 49 F.

16  3d at 1433-34. Judicial files that release trade secrets, infringe on trade secrets, and distribute

17  business information harming a litigant's competitive standing constitute "a vehicle for improper

18  purposes" sufficient to seal court records from public access. *Id.* The decision to prevent the

19  general public to inspect and copy judicial records "is left to the sound discretion of the trial

20  court, a discretion that is to be exercised in light of the relevant facts and circumstances of the

21  particular case." *Nixon*, 435 U.S. at 599.

22  **2.     Sealing of the Martone Software Analysis is Warranted.**

23         This Court may and should exercise its discretion to seal the Martone Software Analysis.

24  The sealing of this declaration is warranted because (a) releasing the Martone Software Analysis

25  to the public would damage plaintiffs' competitive standing and render the Martone Software

26  Analysis "a vehicle for improper purposes;" (b) certain Defendants have agreed that technical

27  data supplied to them by Plaintiffs are subject to the Arms Export Control Act; and (c) the

28  sealing is temporary pending the entry of an appropriate protective order and until a formal

Greenan,
Peffer,
Sallander &
Lally LLP

8

Notice of *Ex Parte* Motion for Order                    Case Number 08-2379 CW
Permitting Declaration to be filed Under Seal

1 | motion to seal pursuant to Civil Local Rules 7-12 and 79-5 can be made.

2

3      **A.**    **The Posting of Plaintiffs' Trade Secrets for Unlimited Public Inspection and Exploitation Necessitate Sealing Martone's Declaration.**

4

5       In the Software Analysis, Martone identifies source codes and other aspects of plaintiffs'

6 software to demonstrate a substantial overlap—including the wholesale duplication of code —

7 with the computer code posted by Defendants on an Internet website. Martone Decl. at ¶¶57-9.

8 The computer code and other software details contained in the Martone Software Analysis

9 qualify as trade secrets. *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F. 2d 511, 522 (9th Cir.

10 1993). In the absence of an order permitting the document to be lodged under seal, Plaintiffs'

11 trade secrets would be made available to the public, enabling any person to infringe on them. An

12 order permitting the Martone Software Analysis to be lodged under seal is therefore warranted.

13 *Kamakana, supra*, 447 F. 3d at 1179; *Hagestad, supra*, 49 F. 3d at 1433-34.

14       Furthermore, disclosure of plaintiffs' computer code, which required years of time and

15 money, would vitiate Plaintiffs' competitive standing. Martone Decl. at ¶ 59; *Nixon*, 435 U.S. at

16 597-98. It is therefore proper to seal the Martone Software Analysis, which is being submitted in

17 support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction.

18 *Nixon*, 435 U.S. at 597-98; *Kamakana*, 447 F. 3d at 1179; *Hagestad*, 49 F. 3d at 1433-34.

19       Proceeding *ex parte* to seal the Martone Software Analysis is warranted because plaintiffs

20 will suffer immediate and irreparable injury if their computer code is made available to the

21 public. *In re Intermagnetics America, Inc.*, 101 B.R. at 193; *see Mission Power Engineering*

22 *Co.*, 883 F. Supp. at 490. The software used in the MRT-BTS is radically different from

23 anything in the public domain and this intellectual property is exclusive to Plaintiffs. Martone

24 Decl. at ¶¶59-60. Moreover, Plaintiffs enjoy a competitive advantage by employing software

25 that allows the MRT-BTS to surpass performance of other similar devises available in the

26 marketplace. Martone Decl. at ¶20. Allowing the public to access, use, and exploit Plaintiffs'

27 software would diminish, if not destroy, the value of Plaintiffs' trade secrets. Martone Decl. at

28 ¶60; *see MAI Systems Corp.*, 991 F. 2d at 522. Thus, the imminent and irreparable nature of

Greenan,
Peffer,
Sallander &
Lally LLP

9

1 Plaintiffs' injury justifies this *Ex Parte* Motion to seal Martone's Declaration supporting the

2 TRO request. *In re Intermagnetics America, Inc.*, 101 B.R. at 193; *see Mission Power*

3 *Engineering Co.*, 883 F. Supp. at 490.

4     As a final matter, Plaintiffs cannot reasonably be expected to submit the Martone

5 Software Analysis in support of their TRO Motion if its contents are not shielded from public

6 disclosure. Without a sealing order, Plaintiffs cannot properly and satisfactorily present the

7 merits of their Motion to the Court. Consequently, Plaintiffs will suffer still further irreparable

8 harm if they are unable to enjoin Defendant from continuing to expose their trade secrets and

9 intellectual property on the Website. Martone Decl. at ¶60. This immediate and continued threat

10 of irreparable injury further warrants the granting of this motion. *In re Intermagnetics America,*

11 *Inc.*, 101 B.R. at 193; *see Mission Power Engineering Co.*, 883 F. Supp. at 490.

12     An order permitting the lodging the Martone Software Analysis with Plaintiffs' TRO

13 Motion will avoid the harm that would otherwise result from unlimited public use and

14 exploitation of Plaintiffs' trade secrets.

15     **B.    Certain Defendants Have Agreed That Technical Data Received From**
                **Plaintiffs Is Subject to the Arms Export Control Act.**

17     Defendants David Burgess and Kestrel Signal Processing, Inc. served as software

18 consultants to Plaintiffs from approximately September 2004 to October 2007. Martone Decl.,

19 ¶33. During their consultancy, they were given access to the information set forth in the Martone

20 Software Analysis and they agreed that this information would be subject to the Arms Export

21 Control Act, 22 U.S.C. sections 2751 *et seq.* Martone Decl., ¶10 and Complaint, Exhibit A. As

22 such, they have expressly agreed that the information set forth in the Martone Software Analysis

23 should not be made available to the public. In the absence of an order permitting the lodging of

24 the document under seal, the Martone Software Analysis would become a "vehicle for improper

25 purposes" by allowing the public access to information that certain defendants have agreed is

26 subject to a statute intended to prevent the disclosure of defense related information to the public.

27 Such facts therefore warrant the sealing of this judicial record. *Nixon*, 435 U.S. at 597-98;

28 *Kamakana*, 447 F. 3d at 1179; *Hagestad*, 49 F. 3d at 1433-34.

Greenan,
Peffer,
Sallander &
Lally LLP

10

Notice of *Ex Parte* Motion for Order
Permitting Declaration to be filed Under Seal

Case Number 08-2379 CW

1    **C.    The Relief Sought by This Motion Necessary Pending the Entry of a
         Protective Order and Until a Formal Motion to Seal Can be Made.**

2

3        Plaintiffs proceed *ex parte* to seal the Martone Software Analysis because Defendants

4    repeatedly failed to agree to a stipulated form of protective order. Romero Decl. at ¶¶6-8. A

5    proposed stipulated protective order governing the use and disclosure of confidential information

6    obtained during the litigation was circulated to Defendants for review in July 2008 and on

7    October 10, 2008. Romero Decl. at ¶6. Defendants, however, have not signed the stipulation or

8    provided an explanation for their inaction. Romero Decl. at ¶¶6-8. Defendants have also refused

9    to permit Plaintiffs to lodge the Martone Analysis under seal. *Id.* As a result, the only option for

10   Plaintiffs to properly support their TRO Motion and protect their trade secrets and intellectual

11   property from public exploitation is to seek, *ex parte,* an order permitting the lodging of the

12   document under seal.

13       Once a protective order is entered, Plaintiffs will formally move pursuant Civil Local

14   Rules 7-12 and 79-5 to ensure that the seal on the Martone Software Analysis continues.

15   Accordingly, the Court should grant the *Ex Parte* Motion and provisionally relieve Plaintiffs

16   from having their proprietary trade secrets infringed and destroyed.

17                                  **CONCLUSION**

18       Submission of the Martone Software Analysis contemporaneously with Plaintiffs' TRO

19   Motion would expose Plaintiffs' trade secrets to the public, trade secrets which certain

20   defendants acknowledge are subject to the Arms Export Control Act. The sealing of the Martone

21   Software Analysis pending entry of a protective order and the subsequent filing of a formal

22   motion will not prejudice Defendants. Accordingly, Martone and MRT respectfully request that

23   they be permitted to lodge under seal the Martone Software Analysis.

24   Dated: November 10, 2008

                              GREENAN, PEFFER, SALLANDER & LALLY LLP

27                            By _____
                                 Edward Romero
28                               Attorney for Plaintiffs
                                 Massimiliano Martone and
                                 Martone Radio Technology, Inc.

Greenan,
Peffer,
Sallander &                                      11
Lally LLP