IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSIMILIANO MARTONE, an individual; and MARTONE RADIO TECHNOLOGY, INC., a Nevada Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID BURGESS, an individual; KESTREL SIGNAL PROCESSING, INC., a California Corporation; and RANGE NETWORKS, INC.,<br><br>    Defendant.<br>_____/ | No. C 08-2379 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, DENYING IN PART WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL; ORDER TO SHOW CAUSE |

Plaintiffs Massimiliano Martone and Martone Radio Technology, Inc. have moved ex parte for a temporary restraining order that would: 1) enjoin Defendants David Burgess, Kestrel Signal Processing, Inc. and Range Networks, Inc. from disseminating certain information that allegedly constitutes Plaintiffs' intellectual property; 2) compel Defendants to remove certain information that allegedly constitutes Plaintiffs' intellectual property from a publicly accessible internet site; and 3) require Defendants to preserve information that can be used to identify individuals who have accessed Plaintiffs' alleged intellectual

property.

A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). If the moving party has made the threshold showing that the circumstances would justify ex parte relief, "[t]he standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Thus, the moving party must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable harm; or 2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor. Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002).

Plaintiffs have not made a sufficient showing of immediate and irreparable harm to justify granting ex parte relief. Nor does the current record raise serious questions regarding Plaintiffs' claims to warrant a preliminary injunction. It is possible that Defendants have taken, and will continue to continue to take, steps to disseminate information that is Plaintiffs' intellectual property. To the extent Plaintiffs can demonstrate that this is likely, a preliminary injunction is available to stop further irreparable harm. However, the Court cannot evaluate on the present record the strength of Plaintiffs' claim that the information at issue is actually their intellectual property.

Plaintiffs have submitted a declaration from Mr. Martone, supported by numerous exhibits, explaining his theory that Defendants made source code developed by Plaintiffs publicly available on the internet. However, the declaration consists largely of Mr. Martone's opinions on the matter. Although Mr. Martone is well versed in the field of software engineering, as a Plaintiff, it is in his interest to provide an opinion that is favorable to his claim. Because the testimony in the declaration is highly technical, the Court is not in a position to evaluate its persuasiveness. Plaintiffs must make a greater showing to obtain a preliminary injunction. They may accomplish this by submitting opinion testimony from a disinterested expert concerning the significance of any similarities between the material Defendants have posted on their internet site and Plaintiffs' intellectual property.

In addition, Plaintiffs have not proposed a preliminary injunction that is narrowly drawn to prevent Defendants from disseminating only the specific alleged intellectual property that is the subject of this lawsuit. Their proposal would prohibit Defendants from disseminating "any algorithm, computer code, source code, software, technical information or any other intellectual property or technical data relating to any actual, planned or potential development by Defendants of any base station transceiver." The Court cannot issue an injunction with such a broad reach.

With respect to Plaintiffs' request that the Court require Defendants to preserve information that can be used to identify individuals who have accessed their internet site, Plaintiffs have

3

1 not demonstrated that immediate and irreparable harm will result if
2 the Court affords Defendants an opportunity to oppose the request.
3     For these reasons, Plaintiffs' <u>ex parte</u> motion for a temporary
4 restraining order is DENIED.  Their motion for a preliminary
5 injunction is DENIED WITHOUT PREJUDICE to the extent it seeks the
6 first and second forms of relief described in the first paragraph
7 of this order.  Plaintiffs may re-file their motion to demonstrate
8 through the use of disinterested expert opinion that the
9 information they seek to enjoin Defendants from disseminating
10 constitutes their intellectual property.  Plaintiffs must also
11 submit with their renewed motion a revised proposed preliminary
12 injunction that is narrowly drawn to cover only the specific
13 alleged intellectual property that is the subject of this
14 litigation.  The proposed injunction may refer to appended
15 material, if reference to such material is necessary in order to
16 define with precision the scope of the injunction.  If Plaintiffs
17 wish to have their renewed motion considered on an expedited basis,
18 they should file a motion to shorten time, in accordance with the
19 Local Civil Rules, at the time they file their renewed motion.
20     To the extent the present motion for a preliminary injunction
21 seeks the third form of relief described in the first paragraph of
22 this order, the Court will take the motion under submission on the
23 papers.  Defendants are hereby ordered to show cause, within two
24 days of the date of this order, why they and their agents,
25 officers, directors, employees and anyone acting on their behalf
26 should not be required to preserve and protect the names, internet
27 addresses and other identifiers of all persons or entities who have
28 uploaded, downloaded or otherwise accessed any internet website

established by Defendants and containing any algorithms, computer code, software, technical information or any other intellectual property or technical data relating to any base station transceiver. Defendants shall further show cause why Plaintiffs should not be excused from posting a bond if a preliminary injunction to this effect is issued. Plaintiffs shall file a reply to Defendants' submission one day thereafter.

    Plaintiffs have also filed a motion to lodge the Declaration of Massimiliano Martone and attached exhibits under seal. It is not clear whether, by filing this motion, Plaintiffs seek merely to file the declaration outside of the public record, or instead seek to submit the documents for <u>in camera</u> review without making them available to Defendants. The Court deems the motion as seeking the former category of relief. Because the relevant documents contain confidential information that could be used to harm Plaintiffs if it were filed in the public record, the motion is GRANTED. The documents, however, must be served on Defendants. If the parties are unable to stipulate to a protective order, Plaintiffs may move for one.

    IT IS SO ORDERED.

Dated: 11/20/08

                                      CLAUDIA WILKEN
                                    United States District Judge