IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASSIMILIANO MARTONE, an individual; and MARTONE RADIO TECHNOLOGY, INC., a Nevada Corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>DAVID BURGESS, an individual; KESTREL SIGNAL PROCESSING, INC., a California Corporation; and RANGE NETWORKS, INC.,<br><br>    Defendant. | No. C 08-2379 CW<br><br>PRELIMINARY INJUNCTION |

    Plaintiffs Massimiliano Martone and Martone Radio Technology, Inc. previously moved for a preliminary injunction that would: 1) enjoin Defendants David Burgess, Kestrel Signal Processing, Inc. and Range Networks, Inc. from disseminating certain information that allegedly constitutes Plaintiffs' intellectual property; 2) compel Defendants to remove certain information that allegedly constitutes Plaintiffs' intellectual property from a publicly accessible internet site they maintain; and 3) require Defendants to preserve information that can be used to identify individuals who have accessed Plaintiffs' alleged intellectual property,

through Defendants' website.  The Court held that, because the primary evidence in support of Plaintiffs' position was Mr. Martone's own testimony on highly technical matters of software engineering, the motion did not raise serious questions regarding Plaintiffs' claims to warrant a preliminary injunction granting the first two forms of relief, particularly considering the breadth of such relief.  The Court therefore denied the motion in relevant part, without prejudice to re-filing with supporting opinion testimony from a disinterested expert concerning the significance of the similarities between Plaintiffs' intellectual property and the material Defendants have posted on their internet site.

With respect to the third form of relief, the Court ordered Defendants to show cause:

> why they and their agents, officers, directors, employees and anyone acting on their behalf should not be required to preserve and protect the names, internet addresses and other identifiers of all persons or entities who have uploaded, downloaded or otherwise accessed any internet website established by Defendants and containing any algorithms, computer code, software, technical information or any other intellectual property or technical data relating to any base station transceiver.

Docket No. 27 at 4-5.  The Court further ordered Defendants to show cause "why Plaintiffs should not be excused from posting a bond if a preliminary injunction to this effect is issued."  Id. at 5.

In response to the order to show cause, Defendants submitted a twenty-eight page brief, exceeding the twenty-five page limit specified in Local Civil Rule 7-4(b).  Less than one page of the brief addresses the relief specified in the order to show cause; the remainder argues generally that Defendants have not misappropriated Plaintiffs' intellectual property.  The brief does

2

not address the bond issue. Regarding the preservation of identifying information, Defendants assert simply that, because the host of their website "uses an anonymous read access mechanism, defendants have no information about the operation of [the host's] servers beyond what is available to the general public." Defs.' Opp. at 27.

"Injunctive relief is warranted when the party requesting such relief demonstrates some combination of probable success on the merits and the possibility of irreparable harm. These two factors are not independent tests, but rather 'opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" Indep. Living Ctr. of S. Cal., Inc. v. Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987)). "When the balance of harm 'tips decidedly toward the plaintiff,' injunctive relief may be granted if the plaintiff raises questions 'serious enough to require litigation.'" Id. (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

Defendants have not demonstrated that they stand to suffer any harm if they are required to preserve information that can be used to identify individuals who have accessed Plaintiffs' alleged intellectual property. They assert simply that they do not have access to such information under their current arrangement with the host of their website. They have not shown, however, that an alternative arrangement is not possible. For instance, they could condition access to their website on the provision of identifying

3

information.  In addition, Plaintiffs have submitted documents obtained from the website's host demonstrating that the host has compiled a large amount of statistical data on access to the website.  This suggests that the host possesses at least some identifying information, such as the IP addresses, of those accessing the website.  Defendants have not shown that this information is not available to them.

Nor have Defendants demonstrated the absence of "questions serious enough to require litigation" to warrant denying Plaintiffs' motion.  Their opposition argues primarily that the information they have made publicly available is not Plaintiffs' intellectual property.  But this argument is largely conclusory and rests almost entirely on Mr. Burgess' own testimony.  While Plaintiffs' position suffers from the same weakness of relying on self-serving testimony, Plaintiffs have nonetheless pointed to specific similarities between their alleged intellectual property and the material on Defendants' website.  Although, as the Court previously found, Plaintiffs have not yet made an adequate showing of serious questions to justify imposing the harm on Defendants that may result from granting either of the first two forms of relief sought, the balance of harm associated with the third form of relief is different.  Requiring Defendants to preserve identifying information poses no harm to them, while posing a risk to Plaintiffs that they will be unable to take further steps to ensure that their intellectual property is secure in the future. Accordingly, the legal questions Plaintiffs have raised are sufficiently serious to warrant granting this form of relief.

4

For these reasons, IT IS HEREBY ORDERED that Defendants and their agents, officers, directors, employees and anyone acting on their behalf are enjoined from making available on any internet website any algorithm, computer code, software, technical information or any other intellectual property or technical data relating to any base station transceiver, unless they gather and preserve the names, internet addresses and other identifiers of all persons or entities who upload, download or otherwise access any such information.

This preliminary injunction will take effect upon Plaintiffs' posting a bond in the amount of $1,000. The Court finds that this amount is appropriate, given that Defendants have not shown any realistic likelihood of their suffering harm as a result of this injunction. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003).

As stated previously, if Plaintiffs wish to obtain additional injunctive relief, they must re-file their motion for a preliminary injunction, demonstrating through the use of disinterested expert opinion that the information they seek to enjoin Defendants from disseminating constitutes their intellectual property. Plaintiffs must also submit with their renewed motion a revised proposed preliminary injunction that is narrowly drawn to cover only the specific alleged intellectual property that is the subject of this litigation. The proposed injunction may refer to appended material, if reference to such material is necessary in order to define with precision the scope of the injunction. If Plaintiffs wish to have their renewed motion considered on an expedited basis,

5

they should file a motion to shorten time, in accordance with the Local Civil Rules, at the time they file their renewed motion.

IT IS SO ORDERED.

Dated: 12/3/08

CLAUDIA WILKEN
United States District Judge